David Alan SANDERS, Appellant,

v.

STATE of Missouri, Respondent.

No. 56891.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1990.

Richard H. Sindel, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Movant was convicted of robbery first degree, possession of a controlled substance, resisting arrest and armed criminal action. He was sentenced as a prior offender to a total of thirty years' imprisonment. He filed his appeal with this court and was thereafter admitted to bail upon appeal bond dated November 20, 1984, pending the appeal of the sentence. Movant's sentence was affirmed on May 13, 1986. *State v. Sanders*, 714 S.W.2d 578 (Mo.App.1986). On the date of affirmation of appeal, a warrant for the arrest of movant was issued, as was an order for his confinement. However, movant failed to present himself pursuant to the warrant and his bond was thereafter forfeited. Movant testified at his postconviction relief hearing:

> (Movant's attorney) Q: Did you have— were you out on appeal bond?
>
> (Movant) A: I was out on appeal bond shortly, yes.
>
> Q: When did you surrender to Jefferson City?
>
> A: I did not surrender to Jefferson City. I actually jumped bond and was arrested in Miami, Florida.
>
> Q: When were you arrested in Miami, Florida?
>
> A: I believe it was July the 22nd of 1986.

Movant now appeals the denial of his postconviction relief. We find it disturbing that movant seeks this court's review of the denial of his postconviction motion after his escape following this court's affirming his conviction on his direct appeal. This showed his reluctance to accept the decision of this court. In other cases, defendants have forfeited a right to appeal by failing to appear for sentencing (*State v. Wright*, 763 S.W.2d 167, 168 (Mo.App. 1988)) and by escaping during trial (*State v. Gilmore*, 727 S.W.2d 469 (Mo.App.1987)). Further, this court in a recent decision af-

firmed the trial court's denial of a defendant's postconviction motion for his failure to appear for sentencing and his subsequent escape from custody. *Stradford v. State,* 787 S.W.2d 832, 833 (Mo.App.1990).

■ The "escape rule" operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice. *Wright,* 763 S.W.2d at 168. Those who seek the protection of the legal system must be willing to abide by its rules and decisions. One may not selectively abide by the decisions of the courts. *Id.*

■ In *Stradford,* 787 S.W.2d at 833, this court determined the escape rule applies to deny the right to postconviction relief just as it does to deny the right to a direct appeal. Here, movant, by "jumping bond" failed to abide by the rules and decisions of this court. He has therefore forfeited his right to appeal the denial of his postconviction relief. *Id.*

Ex gratia, we have reviewed movant's points on appeal of his Rule 29.15 motion. Movant contends his trial counsel failed to investigate alibi witnesses and that he failed to challenge movant's sentencing as a prior offender. The hearing court rendered findings of fact and conclusions of law denying movant's motion.

Our review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j). In order to prevail on a claim of ineffective assistance of counsel, movant must show that trial counsel's performance was deficient and that movant was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo.banc 1987).

■ Both of movant's proposed alibi witnesses testified at the evidentiary hearing that movant's trial counsel discussed with them their proposed testimony relative to the alibi defense. The hearing court found that it was clear from the record movant's trial counsel made a conscious, strategic decision not to use movant's alibi evidence. If an attorney believes the testimony of an alibi witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him as a witness. *Eldridge v. State,* 592 S.W.2d 738, 741[2, 3] (Mo. banc 1979). A matter of trial strategy will not support a finding of ineffective assistance of counsel. *Johnson v. State,* 776 S.W.2d 456, 458[3, 4] (Mo.App. 1989). Further, the court is not required to believe the self-serving testimony of movant even if there is no evidence to the contrary. *Leigh v. State,* 673 S.W.2d 788, 790[3–5] (Mo.App.1984). This point is denied.

■ Movant next challenges his sentencing by the trial court as a prior offender. Movant was charged by indictment in May, 1983. In May, 1984, a substitute information was filed against movant charging him as a prior offender. The substitute information attempted to incorporate the original indictment by reference. However, no copy of the original indictment was attached to the substitute.

On direct appeal movant challenged the validity of the substitute information. Our court determined that, because an information must set out the basic charge (Rule 23.01), which the substitute information did not do, it did not comply with the requirements. Thus, the substitute was a nullity and void. However, we determined the original indictment was still in full force and effect and the trial court therefore had jurisdiction to proceed to trial on the original indictment. *Sanders,* 714 S.W.2d at 586[7]. Now movant contends that because the original indictment did not plead movant was a prior offender, he should not have been sentenced as a prior offender and his trial counsel was ineffective for failing to object thereto.

Section 558.021, RSMo 1986, requires the information plead that the defendant is a prior offender to ensure the due process predicate for an enhanced punishment. *State v. Cooper,* 744 S.W.2d 447, 449 [1, 2] (Mo.App.1987). Movant testified at the evidentiary hearing that his trial counsel filed a motion challenging the defective information. The record reveals trial counsel restated his position again in movant's motion for new trial and also specifically objected to the trial court's sentencing of

movant. Movant admitted at trial he had been previously convicted of a felony. Movant was aware the substitute information charged movant as a prior offender and the only defect in the substitute information was that it failed to reinstate the offenses charged in the original indictment. Movant knew before trial the State intended to seek enhanced punishment. Movant was not surprised or misled by the court's sentencing him as a prior offender. *Id.* at 450 [1, 2]. The trial court was not erroneous in finding trial counsel was not ineffective or that movant was not prejudiced. This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.