**Shane R. CANADAY, Movant–Appellant,**

v.

**STATE of Missouri, Defendant–
Respondent.**

**No. 19141.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 17, 1994.

Matthew J. O'Connor, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Shane R. Canaday (movant) pleaded guilty to the class D felony of resisting or interfering with arrest, § 575.150, RSMo 1986. The trial court suspended imposition of sentence and granted probation. Probation was later revoked and movant was sentenced to imprisonment for a term of five years. Execution of sentence was suspended. Movant was placed on probation. Movant again violated conditions of probation and that probation was revoked. He was committed to the department of corrections.

Following incarceration, movant filed a *pro se* Rule 24.035 motion. Counsel was appointed and an amended motion filed. An evidentiary hearing was held. Findings of fact and conclusions of law were filed and the motion was denied. Movant appeals the denial of his Rule 24.035 motion.

The state filed a motion to dismiss the appeal. It was taken with the case. For the

reasons that follow, that motion will be granted and the appeal dismissed.

The evidentiary hearing on movant's Rule 24.035 motion was held May 26, 1993. The motion court's findings of fact and conclusions of law and its order denying the Rule 24.035 motion were filed September 17, 1993.

Movant was assigned to the department of corrections' Alpha House program, a residential treatment facility, September 2, 1993. He escaped September 24, 1993, and was returned to custody November 17, 1993. During movant's absence from the department of corrections, his attorney, on October 20, 1993, filed Notice of Appeal of the denial of his Rule 24.035 motion.

The state's motion to dismiss movant's appeal is based on his escape from custody. The state contends movant "waived his right to appeal."

■ "Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law." *Estelle v. Dorrough*, 420 U.S. 534, 537, 95 S.Ct. 1173, 1175–76, 43 L.Ed.2d 377 (1975). In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the court was faced with an appeal by a person convicted of a state criminal law violation whose bond had been revoked when he failed to surrender himself to state authorities. The court said:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Id.* at 366, 90 S.Ct. at 498–99.

A Missouri case with facts similar to those in *Molinaro* is *Sanders v. State*, 790 S.W.2d 497 (Mo.App.1990). Sanders was free on bond following his criminal conviction. After his criminal conviction and sentence were affirmed, he failed to present himself as required by his appeal bond. His bond was forfeited. After he was apprehended, he filed a motion for postconviction relief that was denied. Sanders sought to appeal the order denying his postconviction motion.

The Eastern District of this court held that Sanders forfeited his right to appeal saying, "We find it disturbing that movant seeks this court's review of the denial of his postconviction motion after his escape following this court's affirming his conviction on his direct appeal. This showed his reluctance to accept the decision of this court." *Id.* at 498. The court held:

> The "escape rule" operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice. [*State v.*] *Wright*, 763 S.W.2d [167] at 168 [ (Mo.App.1988) ]. Those who seek the protection of the legal system must be willing to abide by its rules and decisions. One may not selectively abide by the decisions of the courts. *Id.*

*Id.* at 499.

This court agrees with the rationale for the escape rule explained in *Sanders*. One seeking protection from the legal system must be willing to abide by its decisions. Movant defied the ruling he now asks this court to review. This court declines movant's request.

Two of the cases on which movant relies in opposing the motion to dismiss this appeal warrant comment. Movant contends that this court, in *Sinclair v. State*, 708 S.W.2d 333 (Mo.App.1986), applied a "balancing test" in deciding whether to apply the escape rule in disposing of an appeal. *Sinclair* is not applicable to this case. As explained in *State v. Woods*, 812 S.W.2d 267, 268 (Mo.App. 1991), "*Sinclair* involved an attempt to escape and its reasoning and holding is limited to that situation." Movant's reliance on *Sinclair* is misplaced.

Movant relies on *State v. Woods*, 861 S.W.2d 326 (Mo.App.1993), for the proposition that the escape rule should not be automatically applied "where there was no impact on the appellate process." The facts in *Woods* differ from those in this case. In *Woods* the person convicted absconded be-

fore he was sentenced, rather than after the trial court had completed the case.

This court holds that movant forfeited his right to appeal the denial of his Rule 24.035 motion by escaping from custody after the motion court entered its order denying that motion. The motion to dismiss movant's appeal is granted.

GARRISON, P.J., and CROW, J., concur.