**Lionel EDWARDS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 27652.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 23, 2007.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Stephanie Morrell, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Lionel Edwards ("Movant") appeals the denial of his Rule 24.035 post-conviction relief motion without an evidentiary hearing, contending that the trial court erred in denying his motion because he was sentenced outside the range of punishment, thereby denying his right to a fair trial. We affirm.

Movant was charged with the class D felony of unlawful use of a weapon and on December 17, 2002, he pled guilty to that charge. Pursuant to a plea agreement, Movant was sentenced to five years in the department of corrections. The sentencing court suspended execution of the sentence and placed Movant on supervised probation for a period of three years. On July 6, 2004, Movant appeared before the sentencing court and admitted that he violated the terms of his probation. The sentencing court revoked Movant's probation and ordered the execution of the five-year sentence.

Movant filed a pro se motion to set aside or correct the judgment and sentence on December 8, 2004, and appointed counsel for Movant thereafter filed a statement in lieu of filing an amended motion. The motion court denied Movant's motion without an evidentiary hearing. Movant appeals this denial.

In Movant's sole point on appeal, he claims the motion court erred in denying his post-conviction motion without an evidentiary hearing because his sentence exceeded the maximum range of punishment allowed for a class D felony.

"A motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: (1) the movant pleads facts that if true would warrant relief; and, (2) the facts alleged are not refuted by the record; and, (3) the matter complained of resulted in prejudice to the movant." *Dorsey v. State*, 115 S.W.3d 842, 844–45 (Mo. banc 2003). We review a motion court's denial to determine if its findings and conclusions are clearly erroneous. Rule 24.035(k); *Id.* at 845.

On December 17, 2002, when Movant was sentenced to five years imprisonment and placed on probation, Section 558.011.1(4)[1] stated that the maximum penalty for a class D felony was five years. While Movant was on probation this statute was amended and effective June 27, 2003, Section 558.011.1(4) now states that the maximum penalty for a class D felony is four years. Movant's original five-year sentence was executed on July 6, 2004, after he violated his probation.

Movant's post-conviction motion claims the sentencing court erred in executing his original sentence of five years because on July 6, 2004, the maximum sentence for a class D felony was four years and he should have received the benefit of the

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

change in the law. The motion court determined the record conclusively shows that Movant would be entitled to no relief and denied the motion without an evidentiary hearing. We agree.

Section 1.160 describes the effect of the repeal or amendment of a penal statute. It reads:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:
>
> (1) That all such proceedings shall be conducted according to existing procedural laws; and
>
> (2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.[2]

Therefore, Section 558.011.1(4), holding the maximum range of punishment for a class D felony to be five years, applies to Movant unless he can show he falls under the exception in Section 1.160(2). Movant has failed to show this exception is applicable in this case.

The language of Section 1.160(2) states that punishment will be assessed according to the amendatory law only if there is an alteration "of the law creating the offense prior to original sentencing." In this case, there was not an "alteration of the law creating the offense" and the amendment did not occur "prior to original sentencing."

■ Pursuant to Section 1.160 a "defendant will be sentenced according to the law in effect at the time the offense was committed unless a lesser punishment is required by a change in the law *creating* the offense itself." *State v. Johnson*, 150 S.W.3d 132, 138 (Mo.App. E.D.2004) (emphasis in original). Section 571.030 creates the offense of unlawful use of a weapon and denominates Movant's offense as a class D felony.[3] In this case, the change in law was not to Section 571.030, the "law creating the offense," but rather to the general sentencing statute. *See Emerick v. State*, 172 S.W.3d 867, 869–70 (Mo.App. S.D.2005); *State v. Guyton*, 158 S.W.3d 252, 256 (Mo.App. E.D.2005). Therefore, Section 1.160(2) does not apply in this case. *Guyton*, 158 S.W.3d at 256.

Furthermore, Section 1.160(2) also requires that the amendatory law be created "prior to original sentencing." Movant relies upon *Merriweather v. Grandison*, 904 S.W.2d 485 (Mo.App. W.D.1995), to support his claim that his "original sentencing" did not occur until his sentence was executed and he therefore should get the benefit of the change in the law. *Merri-*

---

**2.** Section 1.160 was amended in 2005 and now reads:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures

> shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

**3.** While Section 571.030 was amended in 2003 this amendment has no effect on the penalties associated with unlawful use of a weapon.

*weather* is a case in which the trial court *suspended imposition of sentence* and placed the defendant on probation. 904 S.W.2d at 485. The maximum sentence for the defendant's offense changed while she was on probation and the Western District stated that "Section 1.160 RSMo (1986) ... provides that, when the punishment is reduced or lessened after the time of commission of an offense and while a prosecution is 'pending,' the accused is entitled to the advantage of the less severe punishment or sentence." *Id.* at 486. It went on to say that a suit is still pending from the time it is instituted until a final determination is made which disposes of the case. *Id.*

■ "In a case involving the *suspension of the imposition of sentence,* there is an active criminal proceeding which is suspended." *State v. Bachman,* 675 S.W.2d 41, 44–45 (Mo.App. W.D.1984). When there is a *suspended imposition of sentence* there is not a final judgment. *Yale v. City of Independence,* 846 S.W.2d 193, 194–95 (Mo. banc 1993); *Bachman,* 675 S.W.2d at 45. Also, suspending the imposition of a sentence logically means no "original sentencing" has occurred.

■ However, in this case, unlike in *Merriweather,* Movant received a *suspended execution of sentence.* A *suspended imposition of sentence* and a *suspended execution of sentence* are not the same. *Bachman,* 675 S.W.2d at 44. "When a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been assessed." *Taylor v. State,* 25 S.W.3d 632, 633 (Mo.App. E.D.2000). A *suspended execution of sentence* is a final judgment. *State v. Nelson,* 9 S.W.3d 687, 688 (Mo. App. E.D.1999). *See also Barnes v. State,* 826 S.W.2d 74, 76 (Mo.App. E.D.1992) (noting the difference between a *suspend-*

*ed imposition of sentence* and a *suspended execution of sentence* and holding that a defendant is not entitled to the benefit of a change of law when he receives a *suspended execution of sentence* because the judgment and sentence of the sentencing court had been entered before the change in the law).

Therefore, when the sentencing court imposed the sentence, but suspended the execution, on December 17, 2002, the judgment against Movant became final and as a result this date became his original sentencing date. *Taylor,* 25 S.W.3d at 633–634. Because this original sentencing date is prior to the amendment to Section 558.011.1(4), Section 1.160(2) does not apply and Movant is not entitled to any benefit from the change in law. *Id.*

The motion court did not clearly err in denying Movant's post-conviction motion without an evidentiary hearing. The judgment of the motion court is affirmed.

· BATES, C.J., and BARNEY, J., concur.