Linn O. HOSKINS III, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 90695.

Supreme Court of Missouri,
En Banc.

Dec. 7, 2010.

Ellen H. Flottman, Public Defender's Office, Columbia, for Hoskins.

Richard A. Starnes, Attorney General's Office, Jefferson City, for the State.

MICHAEL A. WOLFF, Judge.

### Introduction

When a court imposes sentences that appear to be contrary to statutory authority, can an appellate court review the offender's claim as "plain error" if the offender does not raise the claim in a post-conviction motion under Rule 24.035?

The short and complete answer is no. There is no "plain error" review in appeals from denial of relief under Rule 24.035.

Rule 24.035 says that the sentenced offender must raise the claim in the Rule 24.035 motion or it is waived.[1] But, notwithstanding the language of the rule, some cases have recognized an exception—

---

1. Rule 24.035 says, in pertinent part:

 The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.

 Rule 24.035(d). Rule 29.15 has parallel provisions applicable to challenging the lawfulness of conviction and sentencing following trial. See Rule 29.15.

and allowed plain error review—when the sentencing court has acted beyond its statutory authority. Some cases refer to sentencing beyond the court's statutory authority as acting without "jurisdiction."[2] There is, however, no plain error review of post-conviction judgments, whether "jurisdictional" or otherwise.

### Facts

Both the facts of the Hoskins' criminal history and the law relating to sentencing make this simple case seem confusing. The pertinent facts follow:

1. Hoskins committed three felonies prior to his initial sentencing. He was sentenced to prison terms for each of those offenses, with the execution of the sentences suspended during a five-year period of probation.

   a. His first admitted criminal activity involved breaking into an apartment and stealing a television, stereo and compact discs in December 2006. He pleaded guilty to two crimes—second-degree burglary and stealing.

   b. His second admitted criminal activity involved breaking into the room of a former roommate and choking her (not fatally) in January 2007. He pleaded guilty to first-degree burglary for that crime.

2. At his first sentencing, in June 2007, the circuit court sentenced him to a 15–year prison term for first-degree burglary for the January 2007 crime described in 1(b), above, and suspended execution of the sentence during a five-year probation period.

3. At his second sentencing, in July 2007, the circuit court sentenced Hoskins to a seven-year prison term for second-degree burglary and a seven-year prison term for stealing—for the December 2006 offenses listed in 1(a), above—and suspended the execution of both sentences during a five-year probation period.

Hoskins, unfortunately, did not quit crime during his probation. He was jailed and charged with stealing a motor vehicle when he took a four-wheel all-terrain vehicle (ATV) and caused property damage while driving it around. He pleaded guilty. While awaiting sentencing, Hoskins and another prisoner allegedly constructed a fake gun out of toilet paper, painted it black and attempted to escape from custody.

For the crime of stealing the ATV, the circuit court sentenced Hoskins to seven years in prison. Because this new offense violated his previous probation, the court ordered the 15–year sentence for first-degree burglary to be executed, that is, to take effect. The court ordered that the sentence for the ATV offense be served concurrently with his 15–year sentence for first-degree burglary. The court also ordered execution of the two seven-year sentences for second-degree burglary and stealing and ordered that these sentences should run consecutively to each other and to the 15–year sentence. The court's decision took note of the prosecutor's agreement not to charge Hoskins with attempted escape in this exchange, recorded in the sentencing transcript:

Court: "Is the State in a position to enter an agreement not to file any

---

**2.** This Court's decisions in *Hendrix* and *Wyciskalla,* however, have had the salutary effect of confining the use of "jurisdiction" to its constitutional context. *See In re the Marriage of Hendrix,* 183 S.W.3d 582 (Mo. banc 2006);

*Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009). These decisions about jurisdiction did not eliminate plain error review in Rule 29.15 and 24.035 cases because plain error simply was not at issue.

charges based on the two consecutive sentences then on that?"

Mr. Koening (prosecutor): "If the Court imposed the sentences consecutive, I will not file charges against Mr. Hoskins for the attempted escape, your honor."

Court: "Do you understand that ? Does that sound like a fair resolution then?"

Hoskins: "Yes."

## The Rule 24.035 Motion

After sentencing, Hoskins filed an amended motion under Rule 24.035, arguing that the sentencing court engaged in improper negotiations with the prosecutor. The court overruled the motion. Hoskins appeals the denial of his Rule 24.035 motion, raising one new point on appeal—that the trial court did not have statutory authority to run his seven-year sentences consecutively to each other or to his prior 15-year sentence. The state's response is that, by failing to present this claim in his Rule 24.035 motion, Hoskins waived the alleged error and consented to serving the two seven-year sentences consecutively. After an opinion in the court of appeals, this Court granted transfer and has jurisdiction. Mo. Const. art. V, sec. 10.

## Hoskins' Argument on the Law of Sentencing

■ The specific statutory defect that Hoskins raises in this appeal of the denial of relief under Rule 24.035 is that the sentencing court lacked authority to make his prison terms for the three earlier sentences consecutive because they were not consecutive when first pronounced and suspended.[3] Hoskins does not challenge the 15-year first degree burglary sentence that he is currently serving nor does he challenge the concurrent seven-year sentence imposed due to his ATV theft.

Hoskins seeks "plain error" review of the statutory authority of the sentencing court to execute the two prior seven-year sentences consecutively to each other and consecutively to his prior 15-year sentence.

## Plain Error Review of a Rule 24.035 Motion?

Hoskins appeals the overruling of his Rule 24.035 motion and, as noted, raises his claims as to the statutory authority for consecutive sentences on appeal without having presented them to the motion court.

■ Hoskins' original Rule 24.035 motion alleged only one point of error—that the sentencing court engaged in improper plea negotiations with the prosecutor. But Hoskins does not argue that claim of error,

3. A sentencing court has the authority to suspend both the execution of a sentence as well as the imposition of a sentence. *See* sections 557.011.2(3) and 557.011.4(3), RSMo 2000. A suspended *execution* of sentence suspends the defendant's prison time and the defendant is put on probation and has a criminal conviction on his record even if he successfully completes his probation. *Edwards v. State*, 215 S.W.3d 292, 295 (Mo.App.2007). A suspended *imposition* of sentence, however, defers the sentencing as well as the entry of a conviction on defendant's record. *Id.* When an offender on a suspended execution of sentence violates his probation, the court may "execute" the suspended sentence and send him to prison for the term specified at the original sentencing. *Id.* When an offender is on probation with a suspended imposition of sentence, the court may revoke his probation and impose any sentence within the limit set by law for the offense. *Id.* An offender on a suspended imposition of sentence who successfully completes probation does not have a criminal conviction on his record, whereas an offender with a suspended execution of sentence has a criminal record for that conviction regardless of whether he successfully completes probation. *See Id.*

which he preserved, in this Court.[4]

Hoskins now alleges a wholly different basis for reversing his sentencing—that the sentencing court erred when it executed his 15-year sentence consecutive to his two seven-year sentences and executed the two seven-year sentences consecutive to each other. To be brief, Hoskins received a term totaling 29 years but contends he only should have received 15 years.

On a post-conviction motion under Rule 24.035, the movant is required to say in the motion that "the movant waives any claim for relief known to the movant that is not listed in the motion." Rule 24.035(d). What the movant waives is the opportunity to present such claims in the sentencing court; there is no reason to confound the clear and simple remedy available under those rules by recognizing claims on appeal that were not raised in the motion court.

■ Rule 84.13 authorizes "plain error" review in some instances on appeal, saying "errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injus-

tice or a miscarriage of justice has resulted therefrom." Rule 84.13(c).[5]

■ The application of Rule 84.13 to appeals of Rule 24.035 proceedings has produced a variety of inconsistent results.[6] Rules 24.035 and 29.15 both say they are "governed by the rules of civil procedure *insofar as applicable*." (emphasis added). Rule 84.13 is a rule of civil procedure. If a rule of civil procedure conflicts with these post-conviction rules, the civil rule should not be applied. *State ex rel. Nixon v. Daugherty*, 186 S.W.3d 253, 254 (Mo. banc 2006).

Rule 84.13(c) allows for review of certain issues, at the discretion of the court, even if they were not preserved for review. This provision conflicts with the express wording of Rule 24.035, which requires that all issues be preserved in motions for relief under Rule 24.035 or they are waived. Plain error review, therefore, does not apply on appeal to review of claims that were not raised in the Rule 24.035 motion.

■ The language of Rule 24.035 does not allow an exception when the movant, on appeal, raises a new claim that the sentencing court lacked "jurisdiction" or statutory authority for its judgment.[7]

---

4. At oral argument, Hoskins' attorney said she chose not to pursue the improper plea negotiation claim because she believes "that was not what was really going on."

5. There is also a plain error rule for criminal proceedings, Rule 30.20, but that rule is not applicable to these post-conviction proceedings.

6. Courts have found appellate review is appropriate when a person's substantial rights are affected. What errors courts have determined affect a person's substantial rights has varied considerably. *See, e.g., McDonald v. State*, 141 S.W.3d 526, 529–30 (Mo.App.2004) (reviewing the motion court's failure to correct a judgment); *Ivy v. State*, 81 S.W.3d 199 (Mo.App.2002) (reviewing the defendant's double jeopardy claim); *Searcy v. State*, 981

S.W.2d 597, 598–99 (Mo.App.1999) (reviewing the plea court's jurisdiction to enter the plea); *Boxx v. State*, 857 S.W.2d 425, 428 (Mo.App.1993) (reviewing whether the defendant had an impartial judge); *Hoffman v. State*, 816 S.W.2d 930, 931–32 (Mo.App.1991) (reviewing the court's decision in failing to vacate his convictions and sentences); *Turner v. State*, 784 S.W.2d 342, 343–44 (Mo.App. 1990) (reviewing whether the prohibition against double jeopardy had been violated).

7. In arguing that Hoskins has no right to appellate review of claims not raised in the Rule 24.035 motion, the assistant attorney general in oral argument said that the state would not use a waiver argument—based on Hoskins' failure to raise the claim under Rule 24.035—in opposing Hoskins' claim for habe-

The judgment of the circuit court is affirmed.

All concur.

as relief.  This Court expresses no opinion as to the merits of Hoskins' claim.  *State ex rel.*

*Zinna v. Steele,* 301 S.W.3d 510 (Mo. banc 2010).