**Eugene SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 95576.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 20, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 2011.

Application for Transfer Denied Dec. 20, 2011.

Gwenda Renee' Robinson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, James B. Farnsworth, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

This case involves the denial of Rule 24.035 Motion without an evidentiary hearing.

### Background and Procedural History

Eugene Smith (Appellant) was charged with possession of heroin as a prior and persistent offender and as a prior drug offender. The information alleged that Appellant had pled guilty to the felony of possession of a controlled substance on 30 January 1979 and to the felony of burglary second degree on 21 September 1979. On 9 September 2009, Appellant appeared in person and with counsel and pled guilty to the class-C felony of possession of heroin.

At the plea hearing, Appellant acknowledged he had "a whole slew of priors," but denied the 30 January 1979 felony possession charge. Appellant's plea counsel clarified, conceding that Appellant had significant priors but suggesting they skip the '79 charge and go over more recent offenses. The prosecutor expressed concern that the more recent offenses were not included in the information. Appellant volunteered that he had been convicted of the unlawful use of a weapon in 1979.

After a brief conference off the record, the prosecutor cited the 1998 possession charge and the 1979 unlawful use charge. Appellant admitted both convictions under oath. The prosecutor requested leave to file an amended information to include the convictions to which Appellant admitted. Appellant's counsel made no objection and the court granted the request.

The plea court found Appellant to be a prior and persistent offender and a prior drug offender which increased the sentencing range from a C felony to a B felony. The court sentenced Appellant to twelve years imprisonment, with a recommendation that he be placed in MDC's 120–day treatment program. Two days later, the prosecutor filed an amended information that included the two prior felony convictions the Appellant admitted at the hearing.

Appellant timely filed a Rule 24.035 motion for post-conviction relief after he was denied probation at the end of the 120–day treatment program. The motion court denied his motion without an evidentiary hearing. Appellant appeals that decision, arguing that the motion court clearly erred in denying his motion because the plea court erred in sentencing Appellant as a prior and persistent felony offender and a prior drug offender. He claims that the plea court erred in its sentencing because the State failed to plead the prior convictions upon which the plea court based its finding until two days *after* the plea hearing and sentencing.

### Standard of Review

■ Appellate review of the trial court's action on a motion filed under Rule 24.035 is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Mo. Sup.Ct. R. 24.035(k). As the motion court's findings and conclusions are presumed correct,

they will be deemed clearly erroneous only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997).

### Discussion

■ Appellant argues that the plea court erred in finding that he was both a prior and persistent felony offender and a prior drug offender. As the basis for this error, he relies on the fact that the convictions on which the court based its findings were not included in the original information. On appeal, he claims that the motion court erred in denying his motion without an evidentiary hearing because he was prejudiced by the plea court's error in that it resulted in a longer sentence.

An evidentiary hearing is not required for a post-conviction motion for relief if the motion, the files and case record conclusively show that a movant is not entitled to relief. To warrant an evidentiary hearing: 1) the motion must plead facts, not conclusions, which if true, would merit relief; 2) the facts alleged must raise matters not refuted by the record; and 3) the matters must have resulted in prejudice to the movant. [Appellate] review of decisions under Mo. Sup.Ct. R. 24.035 is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous.

*Thomas v. State*, 249 S.W.3d 234, 238 (Mo. Ct.App.E.D.2008) (internal citations omitted).

The motion court denied Appellant's motion without an evidentiary hearing finding that Appellant was not entitled to relief because the record refuted his allegations and confirmed that he was correctly found to be a prior and persistent felony offender and a prior drug offender.

### Prior and Persistent Felony Offender

A court must find a defendant to be a prior and persistent offender if:

(1) The indictment or information, original *or amended,* or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.

Section 558.021.1 (emphasis added).[1]

Appellant's challenge is based on the statute's first prong. Appellant argues that the State was required to plead all essential elements and to present evidence of persistent felony offender status *prior* to sentencing. *See* Section 558.021.2; *State v. Teer,* 275 S.W.3d 258, 261 (Mo. banc 2009). He claims that the court's grant of leave to amend the information *after* sentencing was improper in that he was not previously informed of the convictions the State would be relying upon to prove his prior and persistent status.

This Court addressed similar variances between the prior convictions listed in the charging documents and those for which

---

1. All statutory references are to RSMo (2008) unless otherwise indicated.

defendant was actually found to be a prior and persistent offender in *State v. Martin*, 882 S.W.2d 768 (Mo.App. E.D.1994) and *State v. Franklin*, 547 S.W.2d 849 (Mo. App. E.D.1977). In *Franklin*, the defendant was charged under the second offender act, the jury convicted him of a second felony, and the court sentenced him under the second offender act.[2] *Franklin*, 547 S.W.2d at 850. On appeal, Franklin claimed the trial court erred because the procedure for applying the second offender act was not followed in that there were variances between the dates and charges listed in the original information and those he pled to at trial. *Id.* at 850–51. This Court held the variances did not prejudice the defendant unless he was misled or in some way handicapped in the preparation of his defense. *Id.* at 851. We found that the defendant was not misled or handicapped because he admitted by his own testimony that he had been convicted of a felony which would qualify him as a second offender. *Id.* Consequently, this Court affirmed the lower court's decision, refusing "to give [Franklin] a one-day holiday from the penitentiary to accomplish a pure formalism." *Id.* at 852.

In *Martin*, the defendant was charged as a persistent offender with one count of tampering in the first degree. *Martin*, 882 S.W.2d at 769. After a guilty verdict, the defendant was sentenced by the court as a persistent offender. *Id.* He timely filed a Rule 29.15 motion, which was denied after an evidentiary hearing. *Id.* In his consolidated appeal, Martin alleged the trial court committed plain error by sentencing him as a persistent offender because the trial court based its finding on convictions other than those which were charged in the information (felony stealing

and carrying a concealed weapon rather than four counts of tampering in the first degree), and the State never amended the information to include the charges upon which the court relied. *Id.* at 771. Consequently, this Court vacated Martin's sentence, remanding the case for a hearing on the allegations of prior convictions, with directions to resentence if the allegations were proven, or for a new trial if they were not. *Id.* at 772.

█ The *Martin* court distinguished *Franklin*, because "there was no admission of the convictions on the prior offenses." *Martin*, 882 S.W.2d at 772. This Court recently affirmed the proposition that "when a defendant admits on the record that he committed previous felony crimes, the State is relieved of the burden of proving all of the matters that would ordinarily be required to establish prior convictions." *State v. Gibbs*, 306 S.W.3d 178, 183 (Mo.App. E.D.2010) (citation omitted). This Court has also found that no prejudice inured to a defendant sentenced as a prior offender, even though the original indictment did not plead defendant as a prior offender and the substitute information charging him as a prior offender was void for failing to set out the basic charge. *Sanders v. State*, 790 S.W.2d 497, 499–500 (Mo.App. E.D.1990). In *Sanders*, the defendant knew before trial the state intended to seek enhanced punishment and the defendant was not surprised or misled by the court's sentencing him as a prior offender. *Id.* at 500.

It is undisputed that Appellant was aware of the State's intention to seek enhanced punishment and was not surprised or misled by the court's sentence. The Appellant, in consultation with his attorney, appeared in court to plead guilty and cooperated with the prosecution after it

2. The Second Offender Act was the predecessor to the current extended sentencing provisions. *Clay v. Dormire*, 37 S.W.3d 214, 221 n. 21 (Mo. banc 2000). "This act was repealed and replaced with section 588.016 in 1979." *Id.*

became clear the original convictions listed in the information would not suffice. Appellant admitted he had a "whole slew" of priors and his attorney made clear that Appellant's significant criminal record was not in dispute, suggesting only that the prosecutor use Appellant's "more recent" convictions. Appellant then helpfully volunteered the unlawful use conviction and admitted to the charged possession conviction. The prosecutor made a clear request to file an amended information to reflect Appellant's admissions, Appellant did not object, and the request was granted by the plea court. The prosecutor did in fact file an amended information two days later. At no time before, during, or after the hearing did Appellant or his attorney object or give any indication they were surprised or misled. Indeed, after the court found Appellant to be a persistent felony offender and stated the increased sentencing range, Appellant's attorney responded, "That's correct, Your Honor."

As mentioned, Appellant's admission of his prior convictions under oath sufficiently established all of the facts necessary for the plea court to find Appellant to be a persistent felony offender. *See Gibbs*, 306 S.W.3d at 183. As in *Franklin*, Appellant's admission is sufficient evidence to prove Appellant was not misled or surprised that the State was seeking to have him sentenced as a prior offender. *Franklin*, 547 S.W.2d at 851. Further, Appellant could not be prejudiced in the preparation of his defense by the variances between the original information and the oral additions because, unlike the defendants in *Martin* and *Franklin* who actually went to trial, Appellant showed no intention of presenting a defense. *See Id.*; *Martin*, 882 S.W.2d at 771. Rather, the record reveals Appellant and his attorney made every effort to cooperate with the State's efforts to charge Appellant as a persistent felony offender. Finally, unlike in *Martin*, here, the prosecutor was given leave to and did amend the information to reflect Appellant's admissions at the hearing. *See Martin*, 882 S.W.2d at 771.

■ Presuming the motion court's findings and conclusions to be correct, the motion court's conclusion that Appellant's allegations were refuted by the record does not leave a definite and firm impression a mistake was made. Thus, the motion court did not clearly err in denying Appellant's claim without an evidentiary hearing.

*Prior Drug Offender*

Appellant also challenges the plea court's finding that he was a prior drug offender and the motion court's subsequent denial of his motion on that basis.

Appellant acknowledges this assignment of error was not preserved for appellate review since his amended Rule 24.035 motion did not raise it but only raised issue of his status as a prior and persistent felony offender finding. Consequently, Appellant requests plain error review. However, Appellant's request is in direct conflict with *Hoskins v. State*, 329 S.W.3d 695 (Mo. banc 2010):

Rule 84.13(c) allows for [plain error] review of certain issues, at the discretion of the court, even if they were not preserved for review. This provision conflicts with the express wording of Rule 24.035, which requires that all issues be preserved in motions for relief under Rule 24.035 or they are waived. Plain error review, therefore, does not apply on appeal to review of claims that were not raised in the Rule 24.035 motion. The language of Rule 24.035 does not allow an exception when the movant, on appeal, raises a new claim that the sentencing court lacked "jurisdiction" or statutory authority for its judgment.

*Id.* at 699.

Appellant failed to preserve the claim regarding the plea court's finding that he

was a prior drug offender for appellate review and this Court is foreclosed by *Hoskins* from granting Appellant's request for plain error review.

### Conclusion

We affirm the motion court's denial of Appellant's Rule 24.035 motion for post-conviction relief. The motion court correctly found that Appellant's claim that he was not a prior and persistent felony offender was directly refuted by the record. We decline to consider Appellant's claim of error regarding his status as a prior drug offender.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.