**D'Andre ROBINSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 95939.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 2012.

Jo Ann Rotermund, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

D'Andre Robinson ("Movant") appeals from the judgment of the motion court denying his Rule 24.035[1] amended motion for post-conviction relief without an evidentiary hearing. We affirm, but remand to the trial court to correct a clerical mistake on the written judgment and sentencing form regarding Movant's status as a prior and persistent drug offender.

## I. BACKGROUND

On April 11, 2008, Movant pleaded guilty to one count of possession of a controlled substance (cocaine base) and one count of possession of marijuana, less than 35 grams, pursuant to Section 195.202 RSMo Cum.Supp.2007.[2] Movant was sentenced

---

1. All rule references are to the Missouri Supreme Court Rules (2008).

2. All subsequent statutory citations are to RSMo Cum.Supp.2007.

as a prior and persistent drug offender to 13 years of imprisonment and was ordered to complete a 120–day institutional drug treatment program, pursuant to Section 559.115. Upon successful completion of the program, the trial court informed Movant he would be considered for probation in lieu of serving his 13 year sentence. After sentencing, Movant timely filed a Rule 24.035 motion for post-conviction relief. He then obtained counsel and amended the motion, arguing the trial court erred in sentencing Movant as a prior and persistent felony offender. The motion court denied Movant's motion without an evidentiary hearing. This appeal follows.

## II. DISCUSSION

We review the denial of post-conviction relief under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). Findings of fact and conclusions of law are clearly erroneous only if, after review of the record, we are left with the definite and firm impression a mistake has been made. *Roberts*, 276 S.W.3d at 835.

■ In his first point, Movant argues the trial court erred in sentencing him as a prior and persistent drug offender because the State did not admit certified copies of his prior convictions before sentencing. We disagree.

As a threshold matter, we note that Movant's point on appeal slightly differs from the claim in his amended Rule 24.035 motion. In Movant's amended motion, he contends the trial court erred in sentencing him as a prior and persistent felony offender. This contention is flawed, however, because the trial court sentenced Movant as a prior and persistent drug offender, not a prior and persistent felony offender.

■ We can only review claims properly presented to the motion court. *Milner v. State*, 975 S.W.2d 240, 243 (Mo.App. S.D. 1998). However, it is clear Movant intended to claim the trial court erred in sentencing him as a prior and persistent drug offender, which was correctly stated in his brief. Because of our preference to decide an appeal on its merits, we review the appeal *ex gratia*.

■ A prior and persistent drug offender is "one who has previously pleaded guilty to or has been found guilty of two or more felony offenses of the laws of this state ... relating to controlled substances." Section 195.275. In addition, prior pleadings and findings of guilt must be proven by evidence that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that a defendant is a prior and persistent drug offender. *Id.*; Section 558.021. However, the State is relieved of its burden of proving prior convictions once a defendant admits on the record that he has committed previous felonies. *Smith v. State*, 353 S.W.3d 93, 95 (Mo.App. E.D.2011).

In this case, at his sentencing hearing, Movant was asked whether he had been convicted of a felony relating to a controlled substance in February 2002, and he responded "yes." He was then asked whether he had been convicted of a felony relating to a controlled substance in March 1996, to which he, again, responded "yes." Here, Movant admitted he was convicted of previous felonies when he affirmatively answered the trial court's inquiries. Because Movant admitted to these convictions, the State is relieved of its burden of proving all the matters it would ordinarily have to prove under Section 558.021. *Id.* Point one denied.

■ In his second point, Movant argues the trial court erred in sentencing him as a

prior and persistent drug offender because the State failed to prove his previous felonies were committed at different times. We disagree.

Under Section 558.016, a prior and persistent [felony] offender is "one who has pleaded guilty to or has been found guilty of two or more felonies *committed at different times.*" (Emphasis added). However, a "prior and persistent drug offender is one who has previously pleaded guilty to or has been found guilty of two or more felony offenses of the laws of this state ... relating to controlled substances." Section 195.275. Accordingly, being sentenced as a prior and persistent drug offender does not require that Movant's felonies were committed at different times. Point two denied.

 Finally, the State correctly notes that the written judgment and sentence form does not accurately reflect the trial court's finding that Movant is a prior and persistent drug offender. At sentencing, however, the court orally sentenced Movant as a prior and persistent drug offender. Clerical mistakes can be fixed by the trial court, if they are the result of omission or oversight. Rule 29.12(c). A clerical mistake on the written judgment and sentence form "involving the marking of boxes designated for memorializing a finding of a defendant's prior and persistent offender status is considered a clerical mistake." *State v. Gibbs,* 306 S.W.3d 178, 183 (Mo.App. E.D.2010). This type of mistake can be corrected by a *nunc pro tunc* order when the record clearly reflects the trial court's intention for a defendant to be sentenced as a prior and persistent drug offender. *Id.* Here, a *nunc pro tunc* correction is proper because the written judgment and sentence form does not correctly reflect the trial court's oral sentence of Movant as a prior and persistent drug offender.

## III. CONCLUSION

The motion court's judgment is affirmed. This case is remanded with instructions to correct the clerical mistake on the written judgment and sentence form regarding the failure to note Movant's prior and persistent drug offender status.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.