

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| ORPHEUS D. WARREN, | ) | No. ED99545 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Carolyn C. Whittington |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 29, 2014 |

OPINION

INTRODUCTION

Orpheus D. Warren appeals the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief. Warren contends the motion court erred because his counsel was ineffective for failing to "introduce five items of mitigating evidence" at his sentencing hearing. Warren alternatively argues we should correct his sentence and judgment form because the sentencing court committed a clerical error by classifying him as a prior and persistent offender on the form. We affirm the court's judgment with respect to Warren's first point under Rule 84.16(b). An opinion reciting the detailed facts and restating the principles of law for this point would have no precedential value. The

parties, have been provided with a copy of this Court's memorandum, for their information only, discussing and disposing of the first point. We agree, however, with Warren as to his second point and exercise our authority under Rule 84.14 to correct the judgment and sentence form of August 12, 2011 by removing the prior and persistent offender classifications.

## BACKGROUND

The State charged Warren with one count of forgery, a class C felony. § 570.090, R.S.Mo. (Cum. Supp. 2002), but did not charge him as a prior and persistent offender under section 558.016, R.S.Mo. (Cum. Supp. 2005). On April 29, 2011, Warren voluntarily pled guilty to the charge without reaching an agreement with the State regarding a sentence recommendation to the court. The court then ordered the Missouri Department of Corrections (MDOC) to prepare a Sentencing Assessment Report (SAR) and deferred sentencing. After receiving the report, the court held the sentencing hearing, and pronounced sentence of four years of imprisonment. The court memorialized its sentence of four-years imprisonment on the judgment and sentence form, dated August 12, 2011, and also checked the boxes designating Warren as a prior and persistent offender.

Warren timely filed a Rule 24.035 motion for post-conviction relief, later amended, arguing that he received ineffective assistance of counsel. Warren, however, did not challenge the court's classification of his status as a prior and persistent offender. The motion court granted Warren an evidentiary hearing, and after considering the evidence and arguments presented, denied Warren's motion. This appeal follows.

DISCUSSION

Warren argues that he is "entitled" to have his sentence and judgment "corrected" because the sentencing court committed a clerical error by classifying him as a prior and persistent offender on the judgment and sentence form. Warren concedes he did not raise this error with the motion court, but argues that "plain error is not a necessary showing for this remedy to be obtained." We agree.

Generally, a mistake on the written judgment and sentence form "involving the marking of boxes designated for memorializing a finding of a defendant's prior and persistent offender status is considered a clerical mistake." State v. Gibbs, 306 S.W.3d 178, 183 (Mo. App. E.D. 2010). This type of mistake can be corrected by a nunc pro tunc order, "so long as the record clearly reflects the trial court's intention." Id.

A "prior offender" is one who has previously been found guilty of or who has pled guilty to one felony. § 558.016 (Cum. Supp. 2005). A "persistent offender" is one who has been found guilty of or pled guilty to two or more felonies committed at different times. Id. A court's finding of prior and persistent offender status requires: (1) an indictment that pleads all facts essential to warrant a finding that the defendant is a prior and persistent offender, (2) evidence or admissions establishing beyond a reasonable doubt that the defendant is a prior and persistent offender, and (3) findings of fact by the court that establish beyond a reasonable doubt that the defendant is a prior and persistent offender. § 558.021.1, R.S.Mo. (2000); see Meeks v. State, 876 S.W.2d 755, 757 (Mo. App. E.D. 1994) (holding "admissions are sufficient" to prove offender's classification status under section 558.021.).

Here, the State concedes that: "[Warren] was not charged as a persistent offender, the State did not prove him up as a persistent offender, the trial court did not make any findings that he was a persistent offender, and the trial court did not [orally] sentence him as a persistent offender." Furthermore, the State did not charge Warren as a prior offender, and he did not admit to either classification before pleading guilty.[1] Most importantly for resolution of this point, the sentencing court, in pronouncing sentence, did not find Warren to be a prior or persistent offender and did not sentence him as such. "'If a material difference exists' between the written judgment and oral pronouncement, 'the oral pronouncement controls.'" State ex rel. Zinna v. Steele, 301 S.W.3d 510, 514 (Mo. banc 2010) (quoting State ex rel. LaChance v. Bowersox, 119 S.W.3d 95 (Mo. banc 2003)). Here, the record clearly reflects that the court mistakenly designated Warren as a prior and persistent offender on the August 12, 2011 judgment and sentence form.

The State, however, argues that we should deny review of Warren's point because he did not raise this argument in his amended Rule 24.035 motion, and there is no plain error review in appeals under Rule 24.035. See Hoskins v. State, 329 S.W.3d 695, 696 (Mo. banc 2010). But Warren is not requesting plain error review. Rather, Warren asserts that "plain error is not a necessary showing" for this Court to correct a clerical error if justice so requires. Under the circumstances, we agree.

In the interest of justice, this Court may correct a mistaken classification of offender status without the need to review for plain error. See, e.g., Robinson v. State, 359 S.W.3d 568, 571 (Mo. App. E.D. 2012) (correcting "the marking of boxes designated

---

[1]     At Warren's plea hearing, the State indicated that Warren "has enough priors to be plead [sic] up as a prior and persistent offender," and this statement was reflected in the SAR considered by the court. However, Warren did not admit to any prior felonies, and the State does not contend that it submitted evidence of prior offender status.

for memorializing a finding of a defendant's prior and persistent offender status" even where not preserved on appeal of Rule 24.035 motion); see also State v. Drudge, 296 S.W.3d 37, 40-41 (Mo. App. E.D. 2009) (correcting mistaken classification of offender status without finding plain error); Pittman v. State, 331 S.W.3d 361, 367 (Mo. App. W.D. 2011) (correcting clerical mistake on appeal of Rule 24.035 motion even where movant abandoned claim at the motion court level). Here, given the State's concessions and the clarity of the record, it is obvious that the court committed a clerical mistake by marking the prior and persistent offender boxes on the August 12, 2011 judgment and sentence form. Therefore, we exercise our authority under Rule 84.14 to amend the August 12, 2011 judgment and sentence form and remove the prior and persistent offender classifications from Warren's judgment and sentence.[2] The motion court's judgment is affirmed.

## CONCLUSION

We affirm the motion court's judgment of conviction and sentence under Rule 84.16(b). We order the August 12, 2011 judgment and sentence form corrected to reflect that Warren was not found to be a prior and persistent offender. Warren's sentence of four-years incarceration is not amended or modified by this Opinion.

_____
Lisa S. Van Amburg, Presiding Judge

Patricia L. Cohen, Judge, and
Philip M. Hess, Judge, concur.

---

[2] If this issue had been brought to the attention of the motion court, it would have been able to afford Warren the relief requested. Rule 24.035 permits review of any claim that a conviction or sentence imposed violates the constitution and laws of this state or the Constitution of the United States. See Pittman, 331 S.W.3d at 367. But the issue was not raised and we will not find the motion court erred in failing to correct a clerical mistake that Warren did not bring to the motion court's attention.