

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100299 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Steven R. Ohmer |
| MARCUS WEAVER, | ) | |
| | ) | Filed: |
| Appellant. | ) | February 24, 2015 |

Marcus Weaver appeals from the judgment entered on his convictions after a jury trial on three counts of statutory sodomy in the first degree, four counts of statutory sodomy in the second degree, one count of child molestation in the first degree, two counts of misdemeanor child molestation and four counts of incest. We affirm as modified, with correction of two clerical errors in the judgment and sentence.

The sufficiency of the evidence is not challenged on appeal. Viewed in the light most favorable to the verdicts, the evidence showed that Weaver repeatedly engaged in sexual misconduct in various ways with his step-daughter over the course of several years. When confronted with the allegations by police, Weaver initially denied that he had ever touched the victim in a sexual way, but also admitted that he drank a lot and that, if it happened, he did not remember it. Eventually, Weaver admitted to police that he had touched the victim's vagina and

buttocks with his hand and licked her vagina. At trial, however, he testified that he had never touched the victim inappropriately and claimed he had falsely confessed.[1]

In Point I, Weaver claims the State improperly referred to his criminal proclivities and speculated about his propensity to commit future crimes during the following portion of its closing argument:

> Yesterday defendant told you that when he confessed to the police, that he made a false confession because he would do anything to save his family. This may surprise you, but in a way I agree with him. Defendant's confession may save his family because on your finding him guilty of the crimes that he perpetrated on a child, an innocent child, the family will be able to move on. [The victim] will remain safe. [Her sister] will be safe. And any future child whom defendant would have a sexual interest . . .

At this point, defense counsel objected that this was "improper argument," which was overruled. The court then admonished the jury that this was argument and they should be guided by the evidence as they recalled it and by the court's instructions. In Weaver's motion for new trial, the asserted basis for the objection changed to "inflammatory and irrelevant."

As the State points out, comments about the victim's and her sister's safety were permissible references to Weaver's stated reason for confessing to the crimes. As for the brief reference to Weaver's propensity to commit future criminal acts, the objection "improper argument" is not specific enough to preserve the issue for appellate review. State v. White, 870 S.W.2d 869, 873 (Mo. App. W.D. 1993). Moreover, Weaver has not maintained the same grounds for the objection at trial, in his post-trial motion and on appeal. "The general rule with respect to preservation of error is that an objection stating the grounds must be made at trial, the same objection must be set out in the motion for new trial and must be carried forward in the appeal brief to preserve it." State v. Petty, 967 S.W.2d 127, 140 (Mo. App. E.D. 1998). Thus, we can review only for plain error, which is rarely found in closing argument. State v.

---

[1] Weaver has not challenged the voluntariness or admissibility of these confessions on appeal.

McFadden, 369 S.W.3d 727, 747 (Mo. banc 2012). Reversal is required only if the comment had a decisive effect on the jury's determination. Id. The defendant bears the burden to prove the decisive significance of the comment, which Weaver has failed to do in this case. This was an isolated reference to the notion that Weaver might commit the crime again, and the trial court immediately admonished the jury that this was argument and should be guided by the evidence and the court's instructions.

Point I is denied.

In Point II, Weaver claims there was a fatal variance between the indictment and the verdict-directing instruction on count 5 for child molestation in the first degree. The indictment charged Weaver with this crime "by squeezing [the victim's] breast with defendant's hand." The instruction stated that he "sucked upon the breast of [the victim]."

Weaver admits this claim of error was not preserved because he failed to object to the instruction at trial. We have discretion to review it for plain error, therefore, only if manifest injustice would otherwise occur. State v. Wurtzberger, 40 S.W.3d 893, 898 (Mo. banc 2001). "Instructional error seldom rises to the level of plain error." State v. Drisdel, 417 S.W.3d 773, 786 (Mo. App. E.D. 2013). In the context of whether a variance amounts to a plain error affecting the verdict, the question is whether the defendant can demonstrate prejudice in that he would have been better able to defend his case had the change not occurred. Id. Weaver's ability to present his defense to this charge did not hinge on whether he touched or sucked on the victim's breast—rather, at trial, he retracted his confession and denied any sexually inappropriate conduct at all. Moreover, the record demonstrates that Weaver had notice of this change at least by the close of the State's case. At that point, counsel acknowledged that there was sufficient

evidence to submit this count on the basis of sucking and was aware of—and did not object to—the State's plan to submit that as the method instead of touching.

Point II is denied.

In Point III, Weaver contends the trial court erred in allowing the victim to testify about waking up with her underwear removed when she was very young. He claims this evidence is not relevant and caused jurors to speculate that Weaver was responsible for these uncharged bad acts. We disagree.

First, this cannot be deemed evidence of uncharged bad acts because—as Weaver himself points out in his brief—the victim was clear in her testimony that she did not know who removed her underwear on those occasions. See State v. Byrd, 423 S.W.3d 882, 888 (Mo. App. E.D. 2014) (evidence runs afoul of rule against propensity evidence if it shows defendant has committed, been accused of, been convicted of, or been definitely associated with another crime). Second, even if this testimony suggested Weaver's propensity to commit sexual offenses, it is not reasonable to believe, as Weaver argues, that the jury's guilty verdicts were based on or influenced by this testimony alone and not on all of the other evidence before it supporting the multiple and various acts of sexual misconduct that were charged. Again, there is no challenge to the sufficiency of that evidence. To find error of any kind from the admission of this evidence, we would have to conclude that the jury believed only this part of the victim's testimony and disbelieved all of her other explicit testimony about the charged sexual conduct. We decline to reach such an unreasonable result.

Point III is denied.

In Points IV and V, Weaver seeks plain error review of two mistakes in the trial court's written judgment and sentence. As the State concedes, the trial court made a clerical error in the

4

written judgment by checking the wrong box classifying statutory sodomy in the first degree in count 3 as a class D felony. Statutory sodomy in the first degree is an unclassified felony, which the trial court correctly indicated in the judgment on the other counts of statutory sodomy in the first degree.

The other error relates to the consecutive terms of imprisonment the trial court imposed on counts 1, 3, 4 and 5. In the written judgment and sentence, the court imposed the following sentences on these counts: twenty years on count 1; twenty years on count 3 to run consecutive to count 1; twenty years on count 4 to run consecutive to counts 1 and 3; and fifteen years on count 5 to run consecutive to counts 1, 3, 4 *and 5*. Weaver contends that by running the sentence consecutive to itself, the court impermissibly created an infinite loop of imprisonment terms. But, as the State points out, it was clearly not the trial court's intention to impose a never-ending sentence on count 5. Rather, at the sentencing hearing, the court orally pronounced the sentence on each of these counts as described above (including the mistaken consecutive running of count 5 to itself), but then announced that the total term of imprisonment would be seventy-five years. That total term is the sum of the three twenty-year terms on counts 1, 3 and 4, plus the fifteen-year term entered on count 5. That oral pronouncement of the total sentence would be in conflict with running the sentence on count 5 consecutively to itself for infinity, and therefore the oral pronouncement of a total term of seventy-five years controls. See State v. Chambers, 330 S.W.3d 539, 546 (Mo. App. E.D. 2010).

This Court may correct both of these errors without remand, where, as here, the record leaves no doubt as to the trial court's intention. See Warren v. State, 429 S.W.3d 480, 482 (Mo. App. E.D. 2014) and State v. Schnelle, 398 S.W.3d 37, 48 (Mo. App. W.D. 2013) (relying on Rules 84.14 and 30.23); see also Chambers, 330 S.W.3d at 546.

In addition, the State agrees with the defendant as to the correct judgment and sentence.

Points IV and V are granted.

In Point VI, Weaver argues that the trial court plainly erred because the verdict-directors for the statutory sodomy in the second degree counts omitted the word "knowingly," which he claims is required by the applicable Missouri Approved Instruction. Weaver quotes from what he cites as "MAI-CR3d 320.13 (3-1-06)," but which actually appears to be language contained in a version of that MAI that became effective *after* his trial. At the time of this trial in June of 2013, MAI 320.13 provided, in relevant part, that the jury must find "the defendant [*Describe acts constituting deviate sexual intercourse and name of victim…*]" and did not include a requirement that the defendant committed those acts "knowingly." The MAI was then revised to require the jury to find "the defendant knowingly [*Describe acts constituting deviate sexual intercourse.*], with [*Identify victim*]." MAI 320.13 (9-1-14). Although this MAI states that it applies to offenses committed after June, 5, 2006, it was to be used on or after September 1, 2014. Thus, the failure to include the word "knowingly" in the instructions at Weaver's June 2013 trial is not plain error.

Point VI is denied.

The judgment and sentence is corrected as follows: (a) count 3 for statutory sodomy in the first degree is an unclassified felony (b) the fifteen-year sentence on count 5 is consecutive to counts 1, 3 and 4. In all other respects, the judgment and sentence are affirmed.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.