Karen King Mitchell, Judge, concurring.
I concur in the result but write separately because I do not believe the claim has been properly presented for review. As the majority acknowledges, Jackson's claim below was based on an alleged violation of MAI-CR 3d 300.04; yet he has reframed the claim on appeal to include a claimed violation of MAI-CR 3d 302.01 as well. But, as there was no claimed violation of MAI-CR 3d 302.01 raised in the motion court, this claim cannot be reviewed on appeal. In actions under Rule 24.035, "the movant waives any claim for relief known to the movant that is not listed in the motion." Rule 24.035(d). "Pleading defects [in a post-conviction motion] cannot be remedied by the presentation of evidence and refinement of a claim on appeal." Johnson v. State , 333 S.W.3d 459, 471 (Mo. banc 2011). "[T]here is no reason to confound *374 the clear and simple remedy available under those rules by recognizing claims on appeal that were not raised in the motion court." Hoskins v. State , 329 S.W.3d 695, 699 (Mo. banc 2010). "Plain error review, therefore, does not apply on appeal to review of claims that were not raised in the Rule 24.035 motion." Id. Because the claim presented on appeal regarding MAI-CR 3d 302.01 was not raised in the motion court, I would decline to review it. I would also hold that there was no violation of MAI-CR 3d 300.04. For these reasons, I concur in the result only.