Zel M. Fischer, Chief Justice
Alok Rohra appeals the circuit court's judgment convicting him of unlawful possession of a firearm in violation of *346 § 571.070.[1] Rohra argues the amended complaint and indictment charging him with unlawful possession of a firearm failed to allege the essential element of a prior "conviction." Rohra waived this argument when he pleaded guilty. The judgment is affirmed.[2]
Factual and Procedural Background
Rohra pleaded guilty to one count of unlawful possession of a firearm, § 571.070, one count of possession of marijuana, § 195.202, and possession of drug paraphernalia, § 195.233. The state charged Rohra with unlawful possession of a firearm for knowingly possessing a firearm after being "convicted of the felonies of possession of a controlled substance [Ecstasy] and unlawful possession of a controlled substance with intent to distribute [marijuana] in the District Court of Canadian County, Oklahoma." Rohra moved to dismiss the charge on grounds he did not have a prior "conviction" to support the unlawful possession of a firearm charge because the Oklahoma district court entered a deferred judgment. The circuit court overruled Rohra's motion to dismiss. Rohra, thereafter, pleaded guilty.
At the plea hearing, Rohra testified he understood the charges and wished to plead guilty. Rohra further testified he was not under the influence of drugs or medication and had no mental issue interfering with his understanding of the proceedings. Rohra then testified as follows:
[The Court]: Okay. You understand you don't have to plea guilty?
[Rohra]: Yes, sir.
[The Court]: All right. If you don't plead guilty you have the right to a judge trial or a jury trial. You have the right to the services of a lawyer during that trial. The right to confront the State's witnesses and cross-examine them, and the right to subpoena your own witnesses and present evidence. Do you understand all of that?
[Rohra]: Yes, sir.
[The Court]: You also have the right to remain silent and not testify against yourself. Do you know what that means?
[Rohra]: Yes, sir.
[The Court]: Okay. You are also presumed innocent until proven guilty beyond a reasonable doubt. Do you understand that?
[Rohra]: Yes, sir.
[The Court]: And if you plea guilty you will be waiving these rights and you will not have a trial, nor an appeal. Do you understand that?
[Rohra]: Yes, sir.
(Emphasis added).
Following this exchange, the prosecutor explained the evidence to support the unlawful possession of a firearm charge:
Had this case proceeded to trial the State's evidence would prove beyond a reasonable doubt that on September 10, 2015, in the City of St. Louis, State of Missouri the defendant committed the following crimes: First as to Count I, the Class C felony of unlawful possession of a firearm, in that the defendant knowingly possessed a semiautomatic pistol, a firearm, and on July 10, 2013, the defendant was convicted of the felonies of possession of a controlled substance, and unlawful possession of a controlled substance with intent to distribute in the District Court of Canadian County, Oklahoma.
*347 After the prosecutor stated the evidence supporting the charges, Rohra testified there was nothing he would add to the prosecutor's statement, the statement of the evidence was true, and it was his decision to plead guilty. The circuit court found Rohra's plea was voluntary, there was a factual basis for the plea, and Rohra was guilty beyond a reasonable doubt. The circuit court sentenced Rohra to four years' imprisonment for unlawful possession of a firearm, but suspended execution of the sentence and placed him on probation for two years. Rohra appeals.
Analysis
Rohra's sole point relied on asserts the circuit court erred by overruling his motions to dismiss and to quash the unlawful possession of a weapon charge because the deferred judgment in Oklahoma does not qualify as a "conviction" pursuant to § 571.070. Rohra asserts this argument challenges the sufficiency of the charging documents and, therefore, is not barred by his guilty plea.
"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce , 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." Id. at 570, 109 S.Ct. 757. Consistent with these principles, "the general rule is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees." Garris v. State , 389 S.W.3d 648, 651 (Mo. banc 2012). Because an unconditional guilty plea waives "any challenge to the merits of the underlying conviction," review is generally limited to a Rule 24.035 motion for post-conviction relief to determine if the plea was entered knowingly and voluntarily. State v. Craig , 287 S.W.3d 676, 679 (Mo. banc 2009). The only exceptions to the Rule 24.035 procedure, and the only claims reviewable in a direct appeal following an unconditional guilty plea, are claims disputing the subject-matter jurisdiction of the circuit court or claims challenging the sufficiency of the charging document. Id.
"The purpose of an indictment or information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal." State v. O'Connell , 726 S.W.2d 742, 746 (Mo. banc 1987) (internal citation omitted).[3] A challenge to the sufficiency of a charging document tests whether it alleges the essential elements of the offense and clearly apprises the defendant of facts constituting the offense. Id. "As a general rule, it is enough to charge the offense in the language of the statute alleged to be violated if the statute states all the constituent elements of the offense." Id. (internal quotation omitted).
Rohra's argument that his Oklahoma deferred judgment does not qualify as a "conviction" does not fit within the exception permitting a challenge to the sufficiency of the charging document following a guilty plea. By challenging the meaning of the word "conviction" as alleged in the charging document, Rohra necessarily admits the state charged the offense of unlawful possession of a weapon "in the language *348 of the statute alleged to have been violated." Id. As Rohra concedes, and the record demonstrates, the state charged the essential fact of "conviction" as an element of the offense of unlawful possession of a firearm as defined by § 571.070. Rohra's argument concerning the interpretation of the word "conviction," as used in § 571.070, is a substantive legal argument Rohra waived by unconditionally pleading guilty and "admitting guilt of a substantive crime." Broce, 488 U.S. at 570, 109 S.Ct. 757. Rohra's unconditional guilty plea waived this argument on appeal.
Conclusion
The judgment is affirmed.
All concur.

All references are to RSMo Supp. 2010 unless otherwise noted.

This Court has jurisdiction of the appeal pursuant to article V, section 10 of the Missouri Constitution.

Rule 23.01(b) provides an indictment shall state: (1) "the name of the defendant;" (2) "the essential facts constituting the elements of the offense charged;" (3) "the date and place of the offense;" (4) "the statute alleged to have been violated;" and (5) "the name and degree ... of the offense."