

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED106570 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| v. | ) | |
| | ) | Honorable James D. Beck |
| JASON RUSSELL, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | Filed:  April 23, 2019 |

We are presented today with another *Bazell*-related decision, this one a bit procedurally different from the decisions to date, in that *Bazell* was decided while defendant was serving probation, on a suspended imposition of sentence after his plea of guilty.[1]  The circuit court, after revoking defendant Jason Russell's probation, entered judgment for felony stealing and sentenced defendant to a felony term of seven years' imprisonment.  Defendant now directly appeals, contending that due to the *Bazell* decision, he can only be convicted of, and sentenced for, misdemeanor stealing.  We first hold that the greater weight of authority counsels that defendant should bring this action via a Rule 24.035 post-conviction proceeding.  Second, even if defendant's claim was cognizable on direct appeal, *Bazell* relief does not lie here, and thus the circuit court did not err in entering judgment for felony stealing and in sentencing defendant accordingly.

---

[1] We draw the reader's attention to *Hamilton v. State*, ED106540, (Mo. App. E.D., March 26, 2019), a recent decision from this Court that also dealt with a *Bazell* claim for a defendant who likewise was on a suspended imposition of sentence when *Bazell* was decided.

## Factual and Procedural Background

The State charged defendant with the class C felony of stealing by deceit, Section 570.030 RSMo. The State alleged that between March 26, 2011, and October 29, 2011, defendant appropriated at least $500 from the State of Missouri, by deceit, and with the purpose to deprive the State, when he falsely claimed that he was unemployed. Defendant, pursuant to a plea agreement with the State, pleaded guilty to the offense on October 21, 2013. The circuit court accepted defendant's plea, and in accordance with the plea agreement, suspended imposition of sentence and placed defendant on probation for four years.

Nearly two years later, on June 6, 2015, the State moved to revoke defendant's probation. The circuit court, per the State's request, suspended defendant's probation.

The following year, on August 23, 2016, while defendant's probation revocation was still pending in the circuit court, the Supreme Court of Missouri decided *State v. Bazell*, holding that a stealing offense under Section 570.030.1 could not be enhanced to a felony by operation of subsection 570.030.3(1) based on the value of the property at issue. *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016).[2]

Over a year later, on October 10, 2017, defendant confessed that he had violated his probation. Citing *Bazell*, he objected to being sentenced to a felony. The circuit court overruled that objection, and on December 7, 2017, revoked defendant's probation and sentenced defendant to seven years of imprisonment.

Defendant brings this direct appeal, contending that the circuit court erred in entering judgment for felony stealing and in sentencing him to a felony term of seven years' imprisonment. He contends that due to the *Bazell* decision, he can only be convicted of, and sentenced for, misdemeanor stealing.

---

[2] Following the *Bazell* decision, the Missouri General Assembly amended Section 570.030. Effective January 1, 2017, the statute no longer contains the same language addressed in *Bazell*.

*Discussion*

This case presents two overarching issues: first, whether defendant's claim is cognizable on direct appeal or whether he must proceed via a Rule 24.035 post-conviction proceeding; and second, whether defendant is entitled to relief. We address each in turn.

## *Direct Appeal or PCR Proceeding?*

The parties dispute whether defendant may make his challenge on direct appeal. The State contends that defendant must bring his claim pursuant to a post-conviction action under Rule 24.035. Defendant argues that he may proceed via direct appeal. Each argument has its merits and its flaws.

No right of an appeal exists without statutory authority. *State v. Craig*, 287 S.W.3d 676, 679 (Mo. banc 2009). In criminal cases that authority is conferred in Section 547.070, which provides that an appeal to the proper appellate court shall be allowed to the defendant in all cases of final judgment rendered upon any indictment or information. *Id.*; Section 547.070; *accord* Rule 30.01(a)(providing that every party shall be entitled to any appeal permitted by law after the rendition of final judgment in a criminal case).[3]

In the context of a guilty plea, however, this right to a direct appeal conferred by Section 547.070 and Rule 30.01(a) is limited. *State v. Hopkins*, 432 S.W.3d 208, 211 (Mo. App. W.D. 2014). "'A plea of guilty and the ensuing conviction comprehend all of the

---

[3] A judgment in a criminal case becomes final, for purposes of appeal, when the trial court imposes a sentence. *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. banc 2017). No final, appealable judgment exists when the trial court suspends imposition of a sentence, as was initially done in this case. *St. Louis County v. Hooper*, 84 S.W.3d 492, 493 (Mo. App. E.D. 2002). Thus, defendant had no right to appeal in this case until December 7, 2017, when the circuit court revoked his probation and imposed sentence. A difference exists between a suspended imposition of sentence ("SIS"), which defendant received, and a suspended execution of sentence ("SES"). An SIS is not a final judgment. Rather, an SIS defers the sentencing as well as the entry of a conviction on an offender's record. *See Hoskins v. State*, 329 S.W.3d 695, 698 n.3 (Mo. banc 2010). When an offender is on probation with an SIS, the court may revoke probation and impose any sentence within the limit set by law for the offense, at which time the judgment becomes final. However, an offender with an SIS who successfully completes probation does not have a criminal conviction on his or her record. *Id.* By contrast, an SES is a final judgment. *Taylor v. State*, 25 S.W.3d 632, 633 (Mo. App. E.D. 2000). When an offender receives an SES, a sentence has been assessed, but the court suspends the execution of the sentence and places the offender on probation. *Hoskins*, 329 S.W.3d at 698 n.3. If the offender violates probation, the court may execute the suspended sentence. However, even if probation is successfully completed, the offender still has a criminal conviction on his or her record. *Id.*

factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.'" *State v. Rohra*, 545 S.W.3d 344, 347 (Mo. banc 2018)(quoting *U.S. v. Broce*, 488 U.S. 563, 569 (1989)). "'By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.'" *Id.* Consistent with these principles, the general rule in Missouri is that a knowing and voluntary plea of guilty waives all non-jurisdictional defects and defenses, including statutory and constitutional guarantees. *Rohra*, 545 S.W.3d at 347; *Feldhaus v. State*, 311 S.W.3d 802, 805 (Mo. banc 2010). Thus, on direct appeal following a guilty plea, a defendant is limited to claims involving the jurisdiction of the trial court and claims challenging the sufficiency of the information or indictment charging the offense. *Rohra*, 545 S.W.3d at 347. However, as we will see, exceptions to these general rules exist.

Defendant challenges the sufficiency of the information. He contends that the information only charged a misdemeanor, and not a felony, because as held in *Bazell*, a stealing offense charged under Section 570.030 cannot be enhanced to a felony by operation of subsection 570.030.3(1) based on the value of the property at issue. Defendant's attempt to bring his claim within this exception is not persuasive. His challenge is based on a change in the law after his arraignment on the charge stated in the information. The purpose of an indictment or information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal. *Rohra*, 545 S.W.3d at 347. A challenge to the sufficiency of a charging document tests whether that document alleges the essential elements of the offense charged as set out in the statute and whether it fairly informs a defendant of the facts constituting the offense. *Id.* "As a general rule, it is enough to charge the offense in the language of the statute alleged to be violated if the statute states all the constituent elements of the offense." *Id.* When a defendant challenges the sufficiency of an information for the first time

4

following a guilty plea, the information will be held to be sufficient unless (1) it does not by any reasonable construction charge the offense to which the defendant pleaded guilty, and (2) the defendant demonstrates actual prejudice as a result of the insufficiency. *State v. Sparks*, 916 S.W.2d 234, 237 (Mo. App. S.D. 1995). The information here mirrored the language of the Section 570.030 as of the time defendant committed the offense and pleaded guilty to the crime. And that statutory section stated all the elements of the offense. The information also contained the facts constituting the offense, a matter that defendant does not dispute. Defendant also did not advance any argument that he was not informed of the charges against him such that he could not adequately prepare a defense. The information here was sufficient. *See also*, Rule 23.01(b)(setting out the form and requirements for an information, all of which were included in the information here).

Defendant also lodged a jurisdictional-type challenge, contending that the circuit court was "without power" to enter a judgment for felony stealing because the offense was really a misdemeanor. Again, defendant's challenge is based on a change in the law after his commission of the crime, his arraignment, and his plea of guilty. Furthermore, as our colleagues in the Western District recently noted, in light of *Wyciskalla*, the entry of a criminal sentence in excess of that authorized by law is no longer properly characterized as a "jurisdictional defect" following *Wyciskalla*. *State v. Baker*, 551 S.W.3d 68, 70 (Mo. App. W.D. 2018)(citing *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253-54 (Mo. banc 2009). Our Supreme Court's decision in *Wyciskalla* had the "salutary effect of confining the use of 'jurisdiction' to its constitutional context." *Hoskins v. State*, 329 S.W.3d 695, 697 n.2 (Mo. banc 2010). This action was in circuit court, and as *Wyciskalla* counseled, the circuit court has original jurisdiction over all criminal cases. *Wyciskalla*, 275 S.W.3d at 2533.

5

The State contends that defendant's exclusive remedy is a Rule 24.035 post-conviction proceeding. Rule 24.035 creates an exception to the general rule that a plea of guilty waives the right to challenge alleged errors relating to the plea and sentence. The rule provides in pertinent part:

> A person convicted of a felony in a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims … that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated….

(Emphasis added).[4]

The rule establishes the exclusive procedure by which one may seek relief for certain enumerated claims. Well-established precedent holds that claims concerning a sentence imposed following a guilty plea must be made pursuant to a Rule 24.035 proceeding, not on direct appeal. *Hopkins*, 432 S.W.3d at 211-12 (holding alleged error at sentencing hearing not cognizable on direct appeal following guilty plea); *State v. Brooks*, 394 S.W.3d 454, 456 (Mo. App. E.D. 2013)(holding challenge to evidentiary ruling made during sentencing hearing not cognizable on direct appeal after guilty plea); *State v. Klaus*, 91 S.W.3d 706 (Mo. App. E.D. 2002)(holding claim that trial court erred in failing to consider probation not cognizable on direct appeal after guilty plea); *State v. Carter*, 62 S.W.3d 569 (Mo. App. S.D. 2001)(holding Rule 24.035 the exclusive remedy for claim that errors in pre-sentencing report resulted in a harsher sentence than should have received); *State v. Sharp*, 39 S.W.3d

---

[4] In full, the version of Rule 24.035(a) in effect on December 7, 2017, provided:
> Nature of Remedy--Rules of Civil Procedure Apply. A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable.

70, 72 (Mo. App. E.D. 2001)(holding claimed error in being sentenced as a prior and persistent offender not cognizable on direct appeal; Rule 24.035 the exclusive procedure for such a challenge). Defendant not only claims that he was sentenced in excess of the statutory maximum, but also claims that his felony conviction and sentence violate the constitution and laws of this state, as well as the U.S. Constitution. These claims fall within the claims enumerated in Rule 24.035. Thus, given the nature of defendant's claims, which do not readily fall within the jurisdictional or sufficiency claims that can be brought on direct appeal, and given the language of Rule 24.035, the law seemingly holds that defendant should bring his claim pursuant to a Rule 24.035 proceeding.

Defendant nevertheless argues that courts have addressed a claim of excessive sentence on direct appeal after a guilty plea. Defendant is correct in his assertion.

Our colleagues in the Western District, on direct appeal following a guilty plea, addressed a claim that the plea court imposed a sentence exceeding the maximum allowed by law. *State v. Baker*, 551 S.W.3d 68 (Mo. App. W.D. 2018). Mr. Baker entered a guilty plea to misdemeanor endangering the welfare of a child. The plea court sentenced Mr. Baker to twelve months in jail, suspended execution of that sentence, and placed Mr. Baker on probation for two years. As a condition of probation, the plea court imposed 180 days of detention as shock time. Mr. Baker filed a direct appeal, contending that the plea court erred in imposing the shock time as a condition of his probation because, he argued, such a sentence exceeded the statutory maximum. *Id.* at 69. The appellate court acknowledged that a plea of guilty generally waives all non-jurisdictional defects and defenses, but nevertheless concluded that Mr. Baker had not waived his claim by his plea. *Id.* at 70. The Court acknowledged that in light of *Wyciskalla*, the entry of a criminal sentence in excess of that authorized by law is no longer properly characterized as a "jurisdictional defect" following *Wyciskalla*. *Id.* But the court noted that such claims and cases of excessive

7

sentences were traditionally viewed as raising "jurisdictional" issues. *Id.* (citing *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516-17 (Mo. banc 2010). Continuing, the court then relied upon a long-recognized exception to the general rule of waiver, which holds that "no waiver occurs in cases *where it can be determined on the face of the record that the court had no power to enter the conviction or impose the sentence.*" *Baker*, 551 S.W.3d at 70 (emphasis added). The Court ultimately concluded that Mr. Baker had not waived his claim and considered the merits of his claim on direct appeal. *Id.* In so doing, the appellate court held that the plea court had indeed sentenced Mr. Baker to a punishment greater than the maximum sentence allowed by law. The court thus granted relief and reversed the sentence. *Id.*

Cases in which Missouri courts have recognized this exception deal with double jeopardy, which is "somewhat of an anomaly." *Feldhaus*, 311 S.W.3d at 805 (Mo. banc 2010). In recognizing the exception, our Supreme Court expressly stated that the Court was not authorizing a general right to appeal from a plea of guilty, and that it was not disturbing the rule in Missouri that a plea of guilty voluntarily and understandably made waives all nonjurisdictional defects and defenses. *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975); *see also, Garris v. State*, 389 S.W.3d 648, 651 n.4 (Mo. banc 2012)(noting that "except for certain double jeopardy claims – constitutional claims raised after a plea of guilty are nonjurisdictional," and thus waived by the entry of a guilty plea). But the Court noted the rather unique nature of the constitutional guarantee against double jeopardy, noting that a claim of double jeopardy, "is an assertion of a constitutional grant of immunity," and as such, is "significantly different" from other constitutional guarantees, procedural in nature, that govern the conduct of trial. *Cody*, 525 S.W.2d at 335; *see also, Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992). The practical result of the right to be free from double jeopardy "is to prevent a trial from taking place at all, rather than to prescribe procedural rules that

8

govern the conduct of trial." *Cody*, 525 S.W.2d at 335. As our Supreme Court noted in *Hagan*, the right to be free from double jeopardy is a constitutional right that goes "to the very power of the State to bring the defendant into court to answer the charge brought against him." *Hagan*, 836 S.W.2d at 461; *see also, e.g., Feldhaus*, 311 S.W.3d at 805 n.3 (holding that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one that the State may not constitutionally prosecute).

*Baker* extends the application of the exception beyond the context of double jeopardy. Nonetheless, it was clear on the face of the record that the plea court had sentenced Mr. Baker over the maximum allowed.[5] As discussed below – that is not the case here. Though at first blush *Baker* appears to support defendant's claim that he can proceed via direct appeal, on closer examination, we question its application.

Defendant also cites *Stricklin* and *Zahnd*, in support of his contention that he may proceed via a direct appeal. *Kansas City v. Stricklin*, 428 S.W.2d 721 (Mo. banc 1968); *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. banc 2017). Neither case is of any assistance. Though *Stricklin* addressed an assertion of excessive sentence on direct appeal following a guilty plea, the case was decided well before the inception of Rule 24.035. And though *Zahnd* stated that a direct appeal was the appropriate remedy to address a sentence that is contrary to law, the issue there was whether the sentence was erroneous or void. The Court was not addressing the issue of waiver, or the issue of the proper avenue for post-conviction claims.

In sum, the greater weight of authority counsels that defendant's appropriate remedy was a Rule 24.035 proceeding. But even if his claim was cognizable on direct appeal, we would find no error on the part of the circuit court in entering judgment for felony stealing and in sentencing defendant accordingly.

---

[5] We further note that Mr. Baker pleaded guilty to a misdemeanor, and thus a Rule 24.035 proceeding was not available to him, as Rule 24.035 governs only felony convictions.

9

### *Bazell Relief?*

As a general proposition, a defendant is tried and sentenced for an offense according to the law in effect **at the time the offense was committed.** Section 1.160. (Emphasis supplied). And at the time defendant committed the stealing, the offense was classified as a class C felony. *Bazell*, a change in the law that made his offense a misdemeanor, had yet to be decided.

Further, defendant entered his plea as part of a plea agreement with the State.[6] As evidenced by both his petition to enter a plea, and the colloquy at the plea hearing, defendant understood that he was pleading guilty to, and being sentenced for a felony. Defendant petitioned the circuit court to enter a plea of guilty. His petition was entitled "PETITION TO ENTER PLEA OF GUILTY (FELONY)," in capitalized and bold font. Defendant stated that he had read a copy of the information charging him. That information was entitled "FELONY INFORMATION," again in capitalized and bold font. The information stated that defendant had committed the "class C felony of stealing by deceit." Defendant stated that he understood that he was being charged with stealing by deceit, and that he understood that crime. He acknowledged that the range of punishment that the law provided at that time was up to seven years in prison.[7] At the plea hearing, the prosecutor informed defendant and the court that the State had charged defendant with committing a felony. Defendant stated he understood that he was pleading guilty to the charge as recited by prosecutor, and that he had committed the offense. The prosecutor next stated that the range of punishment for a class C felony was one day up to one year in jail, two to seven years' imprisonment and/or a fine. Defendant stated he understood that range of penalty, as so

---

[6] The State and defendant agreed that if defendant entered a plea of guilty, the State would recommend SIS, four years' probation, and restitution of $3,946. The circuit court sentenced defendant in accordance with the plea agreement.

[7] Defendant also stated that other than the plea agreement, no one made any threats or promises to him in exchange for the guilty plea, that he had sufficient time to consult with counsel about the consequences of pleading guilty, and that had been fully informed and advised of his rights under the Constitution and laws of the United States and the State of Missouri, and that he understood those rights, and the fact that he was waiving certain rights by pleading guilty.

recited. As part of the plea agreement, defendant agreed to four years' probation, which is within the felony range of probation.

Defendant essentially seeks retroactive application of *Bazell*. But our Supreme Court has been very clear – *Bazell* does not apply retroactively. Rather, our Supreme Court has mandated that *Bazell* applies prospectively only, and to those cases pending on direct appeal at the time *Bazell* was issued. *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500, 503 (Mo. banc 2017). We acknowledge that the procedural posture of defendant's case is different from that of prior cases seeking retroactive application of Bazell for convictions that were already final when *Bazell* was decided. *See, e.g., Windeknecht*, 530 S.W.3d at 501 n.2.[8] Here, the judgment against defendant was not final until he was sentenced, which occurred over a year after the Supreme Court of Missouri decided *Bazell*. *Zahnd*, 533 S.W.3d at 230 (noting that a judgment in a criminal case becomes final, for purposes of appeal, when the trial court imposes a sentence). But we decline to create an exception that would allow defendant to reap the benefit of the forward application of *Bazell* merely because he was sentenced after *Bazell* was decided. *See Hamilton v. State*, ED106540, (Mo. App. E.D., March 26, 2019). Though defendant's conviction was not final until after *Bazell*, this does not negate the fact that defendant knowingly, intelligently, and voluntarily pleaded guilty under a prior interpretation of Section 570.030.

### Conclusion

We hold that when the circuit court terminated defendant's probation, the court properly entered judgment for felony stealing and properly imposed a sentence of seven years

---

[8] *See also, Bosworth v. State*, 559 S.W.3d 5, 6–7 (Mo. App. E.D. 2018)(movant pleaded guilty and was sentenced in July 2016); *Whittley v. State*, 559 S.W.3d 401, 402 (Mo. App. E.D. 2018)(movant pleaded guilty in August 2015, and the court sentenced movant to seven years' imprisonment, suspended execution of the sentence, and placed movant on probation for five years; in March 2017, the court revoked probation and executed the previously-imposed sentence); *Abrams v. State*, 550 S.W.3d 557 n.2 (Mo. App. S.D. 2018)(movant pleaded guilty in 2011, and his sentence was imposed in 2013).

11

for felony stealing, which was within the limit set by law for the offense at the time defendant committed the crime.    We affirm the circuit court's judgment.

_Lawrence E. Mooney_

LAWRENCE E. MOONEY, JUDGE

SHERRI B. SULLIVAN, P.J. and
JAMES M. DOWD, J., concur.