

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,      )      *Opinion issued April 28, 2020*
     )
        Respondent,      )
     )
v.      )      **No. SC97916**
     )
JASON RUSSELL,      )
     )
        Appellant.      )

### Appeal from the Circuit Court of Lincoln County
### The Honorable James D. Beck, Judge

Jason Russell appeals the circuit court's judgment sentencing him for felony stealing in violation of section 570.030.[1]  For the reasons stated in *Hamilton v. State, No. SC97881, __ S.W.3d __ (Mo. banc April 24, 2020)*, decided concurrently herewith, and pursuant to *State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500, 503 (Mo. banc 2017)*, Mr. Russell was entitled to the benefit of *State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016)*, at his sentencing because *Bazell* was decided before his sentencing occurred.  The circuit court erred in sentencing Mr. Russell for a class C felony when *Bazell* held that stealing under

---

[1] All statutory references are to RSMo Supp. 2009 unless otherwise noted.

section 570.030.1 is a class A misdemeanor that cannot be enhanced to a class C felony. *Bazell, 497 S.W.3d at 266-67.*[2]

The fact that Mr. Russell pleaded guilty does not preclude him from raising his claim of an excessive sentence in this direct appeal of his conviction. The right to appeal is statutory. It is set out in section 547.070, which provides, "In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant." As this statutory language does not restrict the right of appeal of a criminal defendant who pleads guilty, neither can this Court limit a defendant's statutory right to appeal by a rule. The Missouri Constitution grants this Court the authority to establish procedural rules, but those rules "shall not change substantive rights . . . or the right of appeal." *Mo. Const. art. V, § 5.* Nor does the language in Rule 24.035(a) relied on by the State even purport to do so. It simply provides Rule 24.035 is the exclusive procedure by which a person convicted of a felony following a guilty plea may seek relief *in the sentencing court* for the claims it enumerates, which includes a claim "the sentence imposed was in excess of the maximum sentence authorized by law." *Rule 24.035(a).* This language does not say – and this Court could not adopt a rule that says – the procedure in the rule supplants a criminal defendant's statutory right to raise a meritorious claim on direct appeal. *Mo. Const. art. V, § 5.*

It is not surprising, therefore, that this Court expressly stated in *Windeknecht* that the omnipresent legal error in sentencing identified in *Bazell* can be raised on direct appeal.

---

[2] Effective January 1, 2017, section 570.030 no longer contains the same language addressed in *Bazell*. *See § 570.030, RSMo 2016.*

*530 S.W.3d at 503. State ex rel. Zahnd v. Van Amburg* specifically reaffirmed that holding, stating that, if a court imposes a sentence in violation of *Bazell*, "*the appropriate remedy is a direct appeal.*" *533 S.W.3d 227, 231 (Mo. banc 2017)* (emphasis added).[3]

While this Court has recognized that the right to raise certain claims on appeal may be waived by a criminal defendant when entering a guilty plea, the record in this case shows that Mr. Russell did not waive his claim that he received an excessive sentence.[4] And Mr. Russell preserved his claim. At the time he was sentenced, Mr. Russell objected to the circuit court sentencing him for a class C felony because, as a result of the *Bazell* decision clarifying section 570.030, he was guilty of only class A misdemeanor stealing. The court below erred in sentencing Mr. Russell for a class C felony. The judgment is reversed, and the case is remanded for resentencing for a class A misdemeanor.

## I.    *FACTUAL AND PROCEDURAL BACKGROUND*

In 2013, Jason Russell pleaded guilty to stealing in violation of section 570.030. The circuit court suspended the imposition of sentence and placed Mr. Russell on probation for four years. In 2016, this Court decided *Bazell,* holding that stealing in violation of section 570.030 is a class A misdemeanor that cannot be enhanced to a class C felony. *497*

---

[3] The dissenting opinion suggests these cases simply meant that an excessive sentence can be raised on direct appeal of a jury verdict, not a guilty plea. But that is not what either case said, and, in fact, both cases involved guilty pleas.

[4] For this reason, it is unclear why the dissenting opinion discusses its view about the irrelevant issue of whether a defendant could affirmatively choose to waive a right to appeal or even to file a postconviction motion, as that did not occur here. In any event, as discussed *infra,* an excessive sentence always has been permitted to be raised in a postconviction motion under Rule 24.035, thereby distinguishing it from claims that cannot be so raised because they were waived by a guilty plea.

*S.W.3d at 266-67*; *see also State v. Smith, 522 S.W.3d 221, 230 (Mo. banc 2017).*[5] When the circuit court revoked Mr. Russell's probation and entered sentence in 2017, the circuit court sentenced him to seven years for a class C felony despite his timely objection that *Bazell* required he be sentenced for a class A misdemeanor, not a class C felony. Mr. Russell timely appealed. After opinion by the court of appeals, this Court granted transfer. *Mo. Const. art. V, § 10.*

## II.    STANDARD OF REVIEW

"A trial court's sentencing decision is reviewed for abuse of discretion." *State v. Palmer, 193 S.W.3d 854, 857 (Mo. App. 2006), citing, State v. Burton, 198 S.W.2d 19, 22 (Mo. 1946).* "An abuse of discretion occurs when the trial court's action is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful consideration." *Id. at 857-58.* "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Severe, 307 S.W.3d 640, 642 (Mo. banc 2010)*; *see also Rule 30.20.* Here, however, Mr. Russell raises an issue of law as to whether he was entitled to the benefit of *Bazell* at the time of his sentencing. This Court determines issues of law *de novo*. *State v. Pierce, 548 S.W.3d 900, 902 (Mo. banc 2018).*

---

[5] *Smith*, also decided prior to the entry of judgment in this case, clarified that "*Bazell* draws no distinction among the numerous subcategories enumerated within section 570.030.3" and held that, "unless the offense contains the value of property or services as an element, section 570.030.3, in its entirety, cannot be used to enhance the offense to a felony." *522 S.W.3d at 230.* Therefore, "[a]ppropriation of property or services worth more than $500 may be charged as a felony under section 570.030.3(1) *only* if the underlying offense contains as an element 'the value of property or services.'" *Id.*

4

### III. BAZELL *ERRORS ARE NOT WAIVED BY A GUILTY PLEA AND MAY BE RAISED ON DIRECT APPEAL*

"A judgment in a criminal case becomes final when a sentence is imposed." *Zahnd, 533 S.W.3d at 230; see also State ex rel. Fite v. Johnson, 530 S.W.3d 508, 510 (Mo. banc 2017)* (internal citations omitted). In *Windeknecht* and *Fite,* this Court declined to apply *Bazell* retroactively to cases already final at the time *Bazell* was decided. *Windeknecht, 530 S.W.3d at 503*; *Fite, 530 S.W.3d at 511*. But as discussed in detail in *Hamilton*, also handed down this day, *Bazell* "applies forward" – that is, prospectively – to cases in which a guilty plea had been entered but a sentence had not yet been imposed and, therefore, were not final at the time *Bazell* was decided. *Slip op. at 4-6*; *accord Windeknecht, 530 S.W.3d at 503* (*Bazell* "applies forward" and to "cases pending on direct appeal."); *Fite, 530 S.W.3d at 511* ("*Bazell* applies prospectively only, except in those cases pending on direct appeal"). *Bazell*, therefore, applies to Mr. Russell's case because a final judgment was not entered until after *Bazell*.

The State argues that, even were *Bazell* to apply to Mr. Russell, he has chosen the wrong procedural vehicle by which to raise his *Bazell* claim. It argues this Court should hold either that Mr. Russell has no right to appeal following his guilty plea or that, while he may appeal, his appeal may not raise the excessiveness of his sentence; instead, he must litigate that issue in a postconviction motion he can file at some future point.

The State is incorrect to the extent it argues there is no right to a direct appeal when a criminal defendant pleads guilty. "In criminal cases, § 547.070, RSMo 2000, allows appeals from final judgments, which occur when the court enters a judgment of guilt and

sentence." *State v. Craig, 287 S.W.3d 676, 679 (Mo. banc 2009), citing, State v. Larson, 79 S.W.3d 891, 893 (Mo. banc 2002)*. Section 547.070, RSMo 2000, provides, "In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant[.]" This statute draws no distinction between cases tried to a jury or judge and cases in which the defendant entered a plea. The statute, therefore, permits an appeal from a final judgment whether the defendant pleaded guilty or was convicted after a trial. *Id.*[6]

The State is correct, however, to the extent it argues a guilty plea serves as a waiver of most nonjurisdictional errors that occurred prior to its entry, including constitutional challenges. *See, e.g., Geren v. State, 473 S.W.2d 704, 707 (Mo. 1971)*. The State and the dissenting opinion argue that imposition of an excessive or illegal sentence is not jurisdictional and does not affect the voluntariness of the plea and, therefore, a guilty plea

---

[6] To the extent the State suggests Mr. Russell's petition to enter a guilty plea may have waived his right to file any appeal at all, it is incorrect. The written plea petition was a standard form that recognized a guilty plea waives the right to a trial and to appeal the result of that trial. The petition did not expressly waive his right to appeal his guilty plea, although models for such waivers are ubiquitous. *See, e.g., 28 Mo. Prac., Mo. Criminal Practice Handbook § 14:6.* For example, Jackson County's model plea agreement, quoted in *Dean v. State, 901 S.W.2d 323, 325 (Mo. App. 1995),* inaccurately but expressly states there is no appeal from a guilty plea but further expressly provides the defendant gives up his right to appeal his plea, stating, "I know that if I were to go to trial and be found guilty, I would have the right to appeal this decision to a different Court with different judges but that by pleading guilty, *I give up my right to any appeal and that there is no appeal from a guilty plea*." (Emphasis added). Similar language is often used. *See, e.g., Meadors v. State, 571 S.W.3d 207, 212 (Mo. App. 2019)* (during plea colloquy, the court asked defendant: "Do you understand if you had elected to stand trial and were found guilty by a jury or a judge you would have the right to appeal, but there is no right to appeal from this guilty plea?"). Here, such express, inaccurate waiver language was not used.

constitutes a waiver of these defects. This argument is in error for multiple reasons.

First, Rule 24.035 itself recognizes the right of a defendant to raise the illegality or excessiveness of his or her sentence even after a plea of guilty. It expressly provides, "A person convicted of a felony on a plea of guilty claiming that ... the court imposing the sentence was without jurisdiction to do so, *or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.*" *Rule 24.035(a)* (emphasis added). The State, of course, does not contest that Rule 24.035 permits a court to consider and correct an excessive sentence. In so conceding, the State necessarily recognizes that whether an excessive sentence can be raised on appeal is not determined by the general principles of waiver inherent in a guilty plea.

Perhaps this is why the State alternatively argues that, even if a guilty plea does not waive claims that a sentence is excessive, relief for such an excessive sentence is exclusively available under Rule 24.035, and not on direct appeal, because Rule 24.035 says it provides the exclusive procedure for claims that come within its terms. A closer reading of Rule 24.035 shows the error of this argument. Rule 24.035 by its terms defines what claims for relief may be made "in the sentencing court." *Rule 24.035(a)*. "Rule 24.035 provides the exclusive procedure by which [a person convicted of a felony on a plea of guilty] may seek relief *in the sentencing court* for the claims enumerated." *Id.* (emphasis added). Rule 24.035 neither limits nor expands what claims can be raised on direct appeal, nor could it, as a procedural Court rule cannot limit a statutory right of appeal. *Mo. Const. art. V, § 5.*

7

The State further suggests, even if nothing in Rule 24.035 expressly says excessive sentences cannot be raised on direct appeal, judicial economy requires that each type of error be raised in only a single forum. The State argues, therefore, that because an excessive sentence can be raised in a Rule 24.035 motion, it cannot be raised on direct appeal. Again, the Court has no authority to limit a criminal defendant's right of appeal and the language of Rule 24.035(a) does not evidence an intent to do so.

Nonetheless, the State is correct that, on occasion, this Court and other appellate courts have made broad statements such as that "the general rule is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees." *State v. Rohra, 545 S.W.3d 344, 347 (Mo. banc 2018), quoting, Garris v. State, 389 S.W.3d 648, 651 (Mo. banc 2012)*. The State argues, even if otherwise not waived or prohibited by Rule 24.035, these narrow statements of what "generally" can be raised on appeal following a guilty plea preclude a defendant from raising an excessive sentence on appeal.

The broad statements of *Rohra* and *Garris* must be limited to rulings on only the issues before the Court in those cases and, otherwise, are dicta.

> There is no doctrine better settled than that the language of judicial decisions must be construed with reference to the facts and issues of the particular case, and that the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to a decision.

*State ex rel. Baker v. Goodman, 274 S.W.2d 293, 297 (Mo. banc 1954)*.

Moreover, contrary to the dissenting opinion's argument, other decisions of this Court recognize that, even after a guilty plea, "direct appeal still is proper to attack … the sufficiency of an indictment or information," *State ex rel. Simmons v. White, 866 S.W.2d*

8

*443, 446 n.4 (Mo. banc 1993)*, or "where it can be determined on the face of the record that the court had no power to enter the conviction or impose the sentence," such as in cases of double jeopardy. *Hagan v. State, 836 S.W.2d 459, 461 (Mo. banc 1992).*[7] It is likely this distinction – between errors that can be waived by a guilty plea and an excessive sentence, which is not waived – results from the fact that most of this Court's decisions limit waiver to matters that occurred *prior to the entry of the plea. See, e.g., Hampton v. State*, 495 *S.W.2d 638, 642 (Mo. 1973)* ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior to the entry of the guilty plea*." (emphasis added)); *Geren v. State, 473 S.W.2d 704, 707 (Mo. 1971)* (finding a guilty plea waives "nonjurisdictional, procedural and constitutional infirmities, if any, *in any prior stage of the proceeding"* (emphasis added)).

While the dissenting opinion suggests these cases must not have meant what they said, they were simply following the approach taken by the United States Supreme Court.

_____

[7] Although *Simmons, 866 S.W.2d at 446 n.4*, also repeated the general refrain that "a plea of guilty ordinarily waives all defenses and errors" for purposes of direct appeal before recognizing the exceptions for jurisdiction and the indictment, it, like *Rohra* and *Garris,* must be limited to its holding and, in any case, did not purport to list all issues that could be raised; in fact, as just noted in the text, this Court had held in *Hagan*, just a year earlier, that double jeopardy also could be raised on appeal. *836 S.W.2d at 461*. Indeed, none of this Court's cases has directly held that an excessive sentence cannot be raised on appeal, and, as discussed below, in *Fite, 530 S.W.3d at 511*, and *Zahnd, 533 S.W.3d at 231*, this Court recently recognized that an excessive sentence can be raised on appeal. To the extent a few cases from the court of appeals have concluded to the contrary, *see, e.g., State v. Carter, 62 S.W.3d 569, 570 (Mo. App. 2001)*, they are inconsistent with this opinion and should no longer be followed.

9

For instance, in stating that one can raise the lack of power of a court to impose a sentence on direct appeal, *Hagen, 836 S.W.2d at 461*, was citing the Supreme Court decision in *United States v. Broce, 488 U.S. 563, 569 (1989),* which similarly held "that a guilty plea does not bar a claim on appeal 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'" *Class v. United States, 138 S. Ct. 798, 804 (2018), quoting, Broce, 488 U.S. at 569*.

In fact, in *Class*, the Supreme Court expressly rejected the argument that a guilty plea waives all nonjurisdictional claims:

> First, the Government contends that by entering a guilty plea, Class inherently relinquished his constitutional claims. The Government is correct that a guilty plea does implicitly waive *some* claims, including some constitutional claims. However, as we explained in Part II, supra, Class' valid guilty plea does not, by itself, bar direct appeal of his constitutional claims in these circumstances.

*Id. at 805* (emphasis added). It went on to hold, as this Court did in *Hampton* and *Geren*, that "[a] valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place *before the plea is entered.*" *Id.* (emphasis added).[8] *Class* then took pains to explain that:

> [A] valid guilty plea forgoes not only a fair trial, but also other accompanying constitutional guarantees. While those simultaneously relinquished rights include the privilege against compulsory self-incrimination, the jury trial right, and the right to confront accusers, *they do not include a waiver of the privileges which exist beyond the confines of the trial. Here, Class' statutory*

---

[8] The Supreme Court has, in fact, long held that a guilty plea does not foreclose appeal entirely but, rather, that a criminal defendant may not, after entering a plea, challenge conduct "that occurred prior to the entry of the guilty plea." *Tollett v. Henderson, 411 U.S. 258, 267 (1973)*.

10

> *right directly to appeal his conviction cannot in any way be characterized as*
> *part of the trial.*

*Id.* (emphasis added) (citations and quotations omitted).

In any event, the dissenting opinion's view as to what is waived in pleading guilty is not determinative, for, as already discussed, this case does not involve waiver. The waiver cases simply are not determinative because it is settled that excessiveness, unlike errors that occur prior to the guilty plea, can be raised in a postconviction motion. Excessiveness, therefore, already is recognized as being different in kind from other errors.

The only issue before the Court is whether an excessiveness error *also* can be raised on direct appeal. That question is an easy one because Mr. Russell's right to appeal cannot constitutionally be limited by this Court in a rule. Additionally, this Court already has determined – in two separate decisions applying *Bazell* – that *Bazell* errors can be raised on direct appeal. First, in *Fite,* this Court expressly held that *Bazell* applied "to those cases pending on direct appeal" at the time *Bazell* was decided. *530 S.W.3d at 511. Fite* did not limit *Bazell*'s effect to only those cases on direct appeal after a trial, as the dissenting opinion tries to suggest. And certainly such a limitation is not implicit from the facts of *Fite,* for *Fite* itself involved a guilty plea, not a trial, and specifically said that, while an excessive sentence could not be raised in a post-trial motion under Rule 29.12, it could be raised on direct appeal. Then, in *Zahnd*, in holding that a sentence invalid under *Bazell* is merely voidable, not void, this Court again held "if a circuit court with personal jurisdiction over the defendant and subject matter jurisdiction over the case enters a sentence that is contrary to law, that sentence is merely erroneous – not void – *and the appropriate remedy*

11

*is a direct appeal.*" *Zahnd, 533 S.W.3d at 231* (emphasis added)*.* Like in *Fite*, and as is the case here, both cases consolidated for appeal in *Zahnd* also were guilty pleas, the dissenting opinion's wishes to the contrary notwithstanding. *Id. at 229.* While Rule 24.035 provides that an excessive sentence can be raised in a postconviction motion, this Court reaffirms its determination in *Zahnd* and *Fite* that *Bazell* errors also may be raised on direct appeal if one is taken in a case to which *Bazell* otherwise applies.

## IV. CONCLUSION

Mr. Russell could not be sentenced for felony stealing under section 570.030 because *Bazell* held that stealing in violation of that statute is a class A misdemeanor that cannot be enhanced to a felony. The circuit court's judgment convicting Mr. Russell of a felony for violating section 570.030 is reversed, and the case is remanded for entry of judgment of conviction and sentencing for a class A misdemeanor.

_____
**LAURA DENVIR STITH, JUDGE**

Draper, C.J., Russell and Breckenridge, JJ.,
concur; Powell, J., dissents in separate opinion
filed; Wilson and Fischer, JJ., concur in opinion
of Powell, J.

12



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )
)
     Respondent, )
)
v. ) No. SC97916
)
JASON RUSSELL, )
)
     Appellant. )

## DISSENTING OPINION

I respectfully dissent. Because Jason Russell entered a plea of guilty, he cannot raise a claim that he was sentenced in excess of the maximum sentence authorized by law on direct appeal. He must instead raise his claim in a Rule 24.035 motion for postconviction relief. *See Hamilton v. State*, SC97881, __ S.W.3d __ (Mo. banc 2020).

It is well settled in Missouri that "[a] plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and **waives all nonjurisdictional, procedural and constitutional infirmities**." *Geren v. State*, 473 S.W.2d 704, 707 (Mo. 1971) (emphasis added); *see also State v. Rohra*, 545 S.W.3d 344, 347 (Mo. banc 2018) ("[A] guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees."); *Garris v. State*, 389 S.W.3d 648, 651 (Mo. banc

2012) (same). And for good reason. "A guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.'" *Garris*, 389 S.W.3d at 651 (quoting *Hampton v. State*, 495 S.W.2d 638, 642 (Mo. banc 1973)). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *Rohra*, 545 S.W.3d at 347. By entering an unconditional plea of guilty, an accused necessarily admits substantive guilt notwithstanding any and all errors, prejudicial or otherwise. "A guilty plea not only admits guilt but also consents to judgment of conviction." *Garris*, 389 S.W.3d at 651 (quoting *Cooper v. State*, 356 S.W.3d 148, 153 (Mo. banc 2011)). "Because an unconditional guilty plea waives 'any challenge to the merits of the underlying conviction' review is generally limited to a Rule 24.035 motion for post-conviction relief to determine if the plea was entered knowingly and voluntarily," *Rohra*, 545 S.W.3d at 347 (quoting *State v. Craig*, 287 S.W.3d 676, 679 (Mo. banc 2009)), or the conviction or sentence imposed otherwise "violates the constitution and laws of this state or the constitution of the United States." Rule 24.035(a). Entering a plea of guilty, therefore, effectively cleanses the criminal proceeding of any error, thereby waiving all substantive legal arguments the defendant could have raised in defense and exposing the defendant to all subsequent consequences of guilt, including the resulting judgment of conviction and sentence. *See id*. at 347.

The principal opinion contends prohibiting Russell from raising his claim on direct appeal, and limiting him to raising his claim exclusively in a Rule 24.035 motion, would violate the statutory right to appeal provided by section 547.070 and would exceed this Court's authority to enact rules of procedure pursuant to article V, section 5 of the Missouri

Constitution. *See slip op.* at 2. But the principal opinion's argument fails on its premise because a defendant who has pleaded guilty to an offense has necessarily waived the statutory right to appellate review of all but jurisdictional claims. *See, e.g., Geren*, 473 S.W.2d at 707. It is Russell's own conduct of entering a plea of guilty, therefore, that limits his right to appeal, not Rule 24.035. This Court's rule simply provides Russell an avenue to challenge the legality of his sentence notwithstanding his waiver of appellate review.[1]

Without citing any direct authority, the principal opinion next asserts that entering a guilty plea does not waive an excessive sentence claim because such claims do not arise until after entry of the plea. *See slip op.* at 9 n.7. Instead, the principal opinion relies on past cases that generally state a guilty plea waives all errors "in any prior stage of the proceeding." *Id.* (citing *Geren*, 473 S.W.2d at 707); *Hampton*, 495 S.W.2d at 642; *see also Garris*, 389 S.W.3d at 652. The principal opinion interprets this vague language to imply that entering a plea of guilty waives *only* those errors that occurred prior to entry of the plea. But those same cases, nevertheless, like so many others, ultimately apply the principle that "[a] plea of guilty voluntarily made with understanding of the nature of the charge . . . **waives all nonjurisdictional, procedural and constitutional infirmities**" without giving any special consideration to the fact that the claimed errors occurred prior

---

[1] What is more, the principal opinion's position with respect to the issue of waiver is logically inconsistent. The principal opinion acknowledges entering a plea of guilty waives appellate review of at least all claims of error occurring prior to the guilty plea. Yet the principal opinion does not explain why the waiver of claims of error made prior to the guilty plea does not also improperly "limit a defendant's statutory right to appeal." *Slip op.* at 2.

3

to the entry of the plea. *Geren*, 473 S.W.2d at 707 (emphasis added); *Hampton*, 495 S.W.2d at 642; *see also Garris*, 389 S.W.3d at 651.[2] And other cases enforce the waiver of appellate review without considering whether the error occurred at a stage of the proceeding "prior" to the guilty plea. *See, e.g., Rohra*, 545 S.W.3d at 347 (stating, without qualification, that "a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees"). Although many of the cases addressing waiver of appellate review in the guilty plea context involve alleged errors occurring prior to entry of the plea, the principal opinion points to no direct authority holding the principle of waiver applies exclusively to claims of error occurring prior to the guilty plea and not to claims of errors occurring after entry of the plea. Without such authority, or a compelling explanation for its absence, there is no reason this Court should deviate from the settled rule that a plea of guilty "waives all nonjurisdictional, procedural and constitutional infirmities." *Geren*, 473 S.W.2d at 707.

The principal opinion does not explain why Russell's excessive sentence claim is jurisdictional or why this Court should abandon the holding in this extensive line of cases.

---

[2] Indeed nothing in *Geren*, *Hampton*, or *Garris* suggests the result in those cases turned on the fact that the claimed errors occurred prior to the plea's entry. Rather, in all three cases, the Court simply applied the principle that a guilty plea waives all nonjurisdictional defects. In *Geren*, this Court held an offender waived his constitutional challenge to the State's failure to provide him with counsel at his preliminary hearing by pleading guilty to the underlying charge. 473 S.W.2d at 707. Likewise, in *Hampton,* this Court held an offender's guilty plea waived his constitutional challenge to the police presenting him to the victim for identification, without counsel, shortly after his arrest. 495 S.W.2d at 642. And in *Garris*, this Court held an offender waived his constitutional challenge to a pair of statutes classifying him as a predatory sexual offender by pleading guilty to the underlying statutory sodomy charges. 389 S.W.3d at 653.

4

*See First Bank v. Fischer & Frichtel, Inc.*, 364 S.W.3d 216, 224 (Mo. banc 2012) (Stith, J.) ("Under the doctrine of stare decisis, a decision of this Court should not be lightly overruled, particularly where the opinion has remained unchanged for many years." (internal quotations and alterations omitted)). Because entering a guilty plea admits substantive guilt, thereby waiving any and all legal, constitutional, and procedural arguments against a finding of guilt and exposing the accused to all subsequent consequences of that guilt, Russell waived his right to bring an appeal absent a claim the circuit court lacked jurisdiction.[3]

The principal opinion relies heavily on this Court's decisions in *State ex rel. Fite v. Johnson,* 530 S.W.3d 508 (Mo. banc 2017), and *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227 (Mo. banc 2017), to support its position. The principal opinion contends these two cases have already *held* an offender may raise an excessive sentence claim on direct appeal, but the principal opinion's reliance on those cases is misplaced. The principal opinion acknowledges:

> There is no doctrine better settled than that the language of judicial decisions must be construed with reference to the facts and issues of the particular case, and that the authority of the decision as a precedent is limited to those points

---

[3] The principle that entering a plea of guilty does not waive jurisdictional claims makes perfect sense because jurisdictional claims challenge the court's very ability to enter a valid judgment in the first place. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). A court that lacks jurisdiction has neither the power "to require a person to respond to a legal proceeding" nor to "render a judgment" in that case. *Id*. As a result, any judgment entered by a court that lacks jurisdiction is void. *State ex rel. Laughlin v. Bowersox*, 318 S.W.3d 695, 703 (Mo. banc 2010). It would defy common sense, therefore, to hold a void judgment itself bars a person from challenging that judgment simply because that judgment was entered pursuant to a guilty plea. But the same is not true of nonjurisdictional claims of error.

5

> of law which are raised by the record, considered by the court, and necessary to a decision.

*Slip op.* at 8 (quoting *State ex rel. Baker v. Goodman*, 274 S.W.2d 293, 297 (Mo. banc 1954)). The principal opinion applies this doctrine to limit the holdings of *Rohra* and *Garris*, *slip op.* at 9 n.7, which both expressly hold that a guilty plea waives appellate review of nonjurisdictional claims. Yet, after acknowledging this fundamental doctrine and applying it to *Rohra* and *Garris*, the principal opinion conveniently ignores this same doctrine with respect to its analysis of *Fite* and *Zahnd*. The principal opinion instead greatly expands the holdings of those cases beyond their facts and issues, patently contradicting the very doctrine it purports to champion.

In *Fite*, the underlying offender, Robby Ledford, pleaded guilty to felony stealing. 530 S.W.3d at 509. The circuit court suspended imposition of sentence and placed Ledford on probation for five years. *Id*. The circuit court subsequently revoked Ledford's probation and imposed a sentence.[4] *Id*. Ledford neither appealed nor filed a Rule 24.035 motion for postconviction relief. *Id*. Instead, Ledford filed a Rule 29.07(d) motion to withdraw his guilty plea. *Id*. The circuit court sustained Ledford's 29.07(d) motion, amending his stealing conviction from a class C felony to a class A misdemeanor and resentencing him accordingly. *Id*. The prosecuting attorney petitioned this Court for a writ of prohibition, arguing the circuit court lacked authority to sustain Ledford's motion. *Id*. This Court agreed, holding Rule 24.035 provided the "exclusive procedure by which

---

[4] These events occurred before this Court decided *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016).

6

Ledford could have collaterally attacked the final judgment based on his claim his sentence exceeds the maximum sentence authorized by law." *Id*. at 510. *Fite,* therefore, stands for nothing more than the fact an offender cannot raise an excessive sentence claim in a Rule 29.07(d) motion.[5] Because Russell did not file a Rule 29.07(d) motion, but instead raises his claim on direct appeal, the actual holding of *Fite* has no bearing on the disposition of this case.

*Zhand* was a case in which a prosecuting attorney sought a writ of prohibition to remedy a circuit court exceeding its jurisdiction. 533 S.W.3d at 229. In that case, the underlying offenders, Jesse Nelson and Jack Walker II, were charged with felony stealing in separate cases. *Id*. Both offenders pleaded guilty to the charged offenses. *Id*. The circuit court sentenced both offenders to terms of imprisonment but suspended execution of their sentences and placed them on probation. *Id*. While both offenders were on probation, this Court decided *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). Citing *Bazell*, Nelson and Walker both filed Rule 29.12(b) motions to amend the judgments in their respective cases. *Zahnd*, 533 S.W.3d at 229. The circuit court sustained both motions, amending each judgment to reflect a conviction for the class A misdemeanor of stealing rather than class C felonies. *Id*.

---

[5] In fact, the holding in *Fite* should have guided Russell as he considered his options for seeking postconviction relief. *Fite* directs Russell to seek relief pursuant to Rule 24.035, not direct appeal, by holding Rule 24.035 provided the "exclusive procedure by which Ledford could have collaterally attacked the final judgment based on his claim his sentence exceeds the maximum sentence authorized by law." 530 S.W.3d at 510.

7

The prosecuting attorney sought prohibition. *Id*. This Court issued a permanent writ, holding the circuit court lost jurisdiction after imposing sentences on each defendant and, therefore, lacked jurisdiction to entertain the Rule 29.12(b) motions. *Id*. at 230. "[A]ny action taken by a circuit court after sentence is imposed is a 'nullity' and 'void' unless specifically authorized by law." *Id*. This Court explained, because "the plain language of Rule 29.12(b) does not provide for an independent post-sentence procedure," the offenders' "Rule 29.12(b) motions did not extend the jurisdiction of the circuit court after the original sentences were imposed." *Id*. Accordingly, "the circuit court had no jurisdiction to adjudicate the Rule 29.12(b) motions and amend the judgments." *Id*.

Just as *Fite* decided an issue much narrower than the principal opinion suggests, *Zahnd*, too, decided nothing more than the issue before the Court in that case—that a circuit court lacks jurisdiction to entertain a Rule 29.12(b) motion after a criminal judgment becomes final. It is true that this Court acknowledged in both *Fite* and *Zahnd* that *Bazell* claims may be raised on direct appeal. *Fite*, 530 S.W.3d at 511; *Zahnd*, 533 S.W.3d at 231. But neither of those cases considered whether a *Bazell* claim could lie on direct appeal *from a guilty plea*. Indeed, *Fite* did nothing more than mention in passing the general rule announced in *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. banc 2017), that "*Bazell* applies prospectively only, except in those cases pending on direct appeal." *Fite*, 530 S.W.3d at 511. And while *Zahnd* acknowledged a direct appeal may be the appropriate remedy for an excessive sentence in some circumstances, 533 S.W.3d at 231, nothing in that case suggests an excessive sentence claim is jurisdictional or that excessive sentence claims are exempted from the established principle that a guilty plea waives all

8

nonjurisdictional claims of error. *Rohra*, 545 S.W.3d at 347. Quite to the contrary, in light of the waiver principle consistently applied by this Court, the only correct reading of the statements from *Fite* and *Zahnd* that the principal opinion selectively quotes is a *Bazell* claim may lie on direct appeal of a judgment of conviction and sentence entered after a jury's verdict, not a guilty plea.

Finally, the principal opinion cites the Supreme Court's decision in *Class v. United States*, 138 S. Ct. 798 (2018). *Slip op.* at 10. But that case is equally unhelpful because it is no more on point than *Fite* or *Zahnd*. In *Class*, a defendant pleaded guilty to violating a statute that prohibited possession of firearms on the grounds of the United States Capitol. *Class*, 138 S. Ct. at 802. Class appealed, arguing the statute violated the Second Amendment to the United States Constitution. *Id*. The Supreme Court held the defendant's guilty plea did not waive his challenge that the statute was unconstitutional. *Id*. at 805. But importantly, the Supreme Court reached this result only because it found Class "seeks to raise a claim which, judged on its face, . . . **would extinguish the government's power to constitutionally prosecute the defendant** if the claim were successful." *Id*. at 806 (emphasis added). By contrast, Russell does not raise any claim that the stealing statute, section 570.030, is unconstitutional and the State, therefore, lacked the power to prosecute him. The principal opinion, accordingly, overextends the holding of *Class* just as it overextends the holdings of *Fite* and *Zahnd*.

The principal opinion does not contend an excessive sentence claim is a jurisdictional defect or the State lacked the authority to prosecute Russell. Nor could it, as an excessive sentence is merely a legal error. *See Zahnd*, 533 S.W.3d at 231. By waiving

9

appellate review of all nonjurisdictional claims of error, Russell's guilty plea necessarily waived appellate review of the legality of his sentence. Moreover, the principal opinion fails to comprehend the true scope of its ruling, which opens the door to a litany of appeals of sentences imposed following guilty pleas and constitutes a sea change in post-guilty plea litigation. By entering his guilty plea, Russell waived all substantive legal arguments and exposed himself to all subsequent legal consequences. Because an excessive sentence claim is a substantive legal claim, not a jurisdictional defect, Russell cannot challenge the legality of his sentence on direct appeal from a plea of guilty.[6] He instead must utilize the postconviction relief procedure available to him pursuant to Rule 24.035 as this Court held in *Fite* and reaffirmed in *Hamilton*.

_____

W. Brent Powell, Judge

---

[6] Setting aside that an excessive sentence claim is not cognizable on direct appeal from a guilty plea, it is important to note this Court has recognized a criminal defendant may expressly waive both the right to appeal, *State v. Phason*, 406 S.W.2d 671, 673 (Mo. 1966), and the right to file a motion for postconviction relief pursuant to Rule 24.035 as part of a guilty plea. *Cooper v. State*, 356 S.W.3d 148, 154 (Mo. banc 2011). Indeed, this Court has acknowledged doing so may ultimately be in the defendant's best interest. *See id*. at 157 (observing "Cooper received substantial benefit in exchange for his waiver of post-conviction relief"). While the principal opinion is correct that Russell did not expressly waive the right to appeal his sentence, *slip op*. at 6 n.6, nothing prevents an express waiver of the right to appeal the sentence imposed pursuant to a guilty plea. Circuit courts may insist all written petitions to enter a guilty plea include such a waiver. Circuit courts may also include such waivers in the guilty plea colloquy.